Argued March 29, affirmed as modified April 11, 1956

# TICE *v.* TICE
### 295 P. 2d 866

*George G. Van Natta,* St. Helens, argued the cause and filed a brief for appellant.

*Marshall C. Hjelte,* St. Helens, argued the cause and filed a brief for respondent.

248

Before Lusk, Presiding Justice, and Tooze and Brand, Justices.

PER CURIAM.

The plaintiff, Hallie J. Tice, was awarded a default decree of divorce on July 11, 1953. By the terms of the decree the plaintiff was given the custody of the four minor children of the parties and the defendant, Donald Keith Tice, was ordered to pay to the clerk of the court for the benefit of the plaintiff and as a contribution towards the support of the children the sum of $160 a month.

■ On April 1, 1954, the defendant brought the present proceeding for a modification of the decree by reducing the amount of payments required to be made by him for the support of the children. After a hearing the court entered an order reducing such payments from $160 to $100 a month, and the plaintiff has appealed. Based upon our examination of the record, which includes affidavits and oral testimony of the parties, we are not prepared to disturb the decision of the circuit judge. We think that a sufficient change in circumstances—among other things, a reduction in the earning capacity of the defendant—has been shown to give the court jurisdiction to modify the decree. It was convincingly proven that at the time of the hearing the defendant's wages amounted to $280 a month; that he had no other income; and that, after payment of income taxes and meeting the cost of living, there remained the sum of $121. Obviously it is not possible for him to pay $160 out of that sum, and, even after he pays the reduced amount of $100, there will be left to him only $21 for clothing and miscellaneous expenses.

It is, of course, true that $100 a month for the support of four children is pitifully inadequate, but we have here a case in which there is simply not enough money to go around. No court is justified in ordering a man to do the impossible.

■ In the defendant's motion to modify the decree there is also a prayer for an order requiring the plaintiff to return to the defendant a deer rifle which he claims to be his property. The decree awarded to the plaintiff "the household furniture, utensils and personal effects of the family now in the possession of the plaintiff." No mention was made of the deer rifle. If it constituted a part of the "personal effects" then it is the property of the plaintiff. If it does not it was not disposed of by the decree, and, if it is the property of the defendant, he can only recover it in some other proceeding and not as an incident to a motion to modify the decree. The court ordered the plaintiff to turn over the deer rifle to the defendant. In this respect we think that the court was in error. Otherwise, its order will be affirmed.