## Peters v. Peters

[Cite as 7 AOA 536]

Case No. CA90-02-005
Warren County, (12th)
Decided September 4, 1990

Jonathan N. Fox, 4396 Gatewood Lane, Franklin, Ohio 45005, for Plaintiff-Appellee,

David A. Chicarelli, Ruppert, Bronson, Chicarelli & Smith Co., L.P.A., 1063 E. Second Street, P.O. Box 369, Franklin, Ohio 45005, for Defendant-Appellant.

KOEHLER, J.

Defendant-appellant, Ronald Peters, appeals from a decision by the Warren County Court of Common Pleas, Domestic Relations Division, which denied his motion to terminate his previous child support order. Appellant had filed the motion based upon his assertion that his sentence of two years imprisonment on federal income tax and illegal drug charges would preclude his payment of the ordered support.

The facts indicate that appellant was divorced from plaintiff-appellee, Lori Peters, in June 1988. Custody of the parties' minor child was awarded to appellee, while appellant was ordered to pay $200 per week in child support. At the time of his sentencing, appellant was already $10,000 in arrears on his support payments.

Appellant moved for a termination or modification in the support orders based upon his assertion that his incarceration constituted a change in circumstances justifying a change in the support order. The trial court denied this motion without a hearing, entering judgment to this effect in January 1990.

Appellant has timely filed the instant appeal, raising as his sole assignment of error that the trial court abused its discretion in refusing to grant his motion regarding child support. Appellant argues that he made a satisfactory showing of a change in circumstances and that, while the crimes which led to his conviction may have been intentional, his incarceration was not.

Thus, his incarceration could not be categorized as a voluntary reduction of income which would require the maintenance of previous levels of child support. See Boltz v. Boltz (1986), 31 Ohio App. 3d 214, 216 (while employment may constitute a change in circumstances, voluntary termination of employment does not constitute an inability to support). We may only reverse a trial court order in this situation where the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219. The

issue before the trial court where a modification of a previous support order is sought is "whether or not circumstances have changed sufficiently to render unreasonable an order which once was reasonable." *Bright v. Collins* (1982), 2 Ohio App. 3d 421, 425.

Although there are no Ohio cases on point, appellant cites a case from another jurisdiction which held that incarceration is an involuntary act which is a change in circumstances sufficient to merit an adjustment of child support orders. *Leasure v. Leasure* (Pa. Super. Ct. 1988), 378 Pa. Sup. 613, 549 A.2d 225. Appellee cites one case holding that the intentional act of the parent which resulted in incarceration was voluntary, thus justifying the denial of a motion to modify support. *Ohler v. Ohler* (Neb. 1985), 220 Neb. 272, 369 N.W.2d 615.

We find appellant's argument to be the more persuasive. Appellant's incarceration bears a close resemblance to a situation where an employer terminates an individual's employment. In both instances the individual arguably has committed some culpable act which has rendered necessary the actions of another. Yet, in neither case can the elimination of the income be termed "voluntary," and therefore not affecting the child support obligation.

Moreover, we find public policy supports this conclusion, since to hold otherwise would possibly expose appellant to a criminal contempt prosecution for his failure to pay child support which accrued during his imprisonment. We believe it would be unconscionable to criminally punish an individual for neglecting to do what state action has prevented him from doing. "'No court is justified in ordering a man to do the impossible.'" *Ohler, supra,* citing *Tice v. Tice* (Ore. 1956), 207 Ore. 247, 295 P.2d 866.

Having found unreasonable the decision of the trial court denying appellant's motion to terminate or suspend child support, we sustain appellant's assignment of error. At the same time, however, we find it necessary to remand this action for a hearing to determine what, if any, assets could be made available for purposes of child support during his incarceration. In doing so, we recognize that while appellant is without earning capacity at this time, he may possess assets which may be a source of income to him.

*Judgment reversed and remanded.*

YOUNG, P.J., concurs.

HENDRICKSON, J., dissents.

HENDRICKSON, J., dissenting.

I am unable to accept the view that incarceration as the result of commission of a voluntary criminal act constitutes a change of circumstances which justifies modification of an order for child support. Instead, it seems more reasonable that appellant cannot be found in contempt for non-payment of child support while unable to pay as a result of his incarceration. Therefore, I would affirm the decision of the trial court.