RICHARDSON, Appellant,

v.

BALLARD, Appellee.

[Cite as *Richardson v. Ballard* (1996), 113 Ohio App.3d 552.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–02–032.

Decided Aug. 19, 1996.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Terri S. King,* Butler County Child Support Enforcement Agency, for appellant.

*Mary Lou Kusel,* for appellee.

WALSH, Presiding Judge.

This is an appeal of a decision suspending the child support obligation of plaintiff-appellee, Lowell Ballard, Jr., while he is incarcerated.

In January 1991, Ballard was adjudged to be the father of minor Lowell Gene Richardson, a.k.a. Bryan Charles Richardson, and was ordered to pay $30 per week in child support. He was also granted visitation rights. At the time of the adjudication, Ballard was on probation. In August 1994, he was incarcerated for violating the terms of his probation. Ballard then moved to reduce or terminate his child support obligation due to his incarceration. The trial court granted the motion on the authority of this court's decision in *Peters v. Peters* (1990), 69 Ohio App.3d 275, 590 N.E.2d 777. Defendant-appellee, Steven C. Richardson, the child's maternal grandfather and legal custodian, now appeals the trial court's decision, and asserts the following assignments of error for review:

Assignment of Error No. 1:

"The trial court erred as a matter of law by failing to determine that appellee had demonstrated a change of circumstances as required by R.C. 3112.21 [*sic*, 3113.215] before modifying the appellee's child support obligations."

Assignment of Error No. 2:

"The trial court erred by modifying the appellee's child support obligation."

Richardson specifically requests that this court reconsider its decision in *Peters.* Because both assignments of error challenge the trial court's decision granting Ballard's motion to suspend child support payments while he is incarcerated, we consider them together.

The issue this court must address is whether criminal conduct resulting in incarceration is a voluntary or involuntary act by the obligor. When an obligor reduces his income voluntarily, the reduction does not constitute a substantial change in circumstances that warrants a modification of his child support obligations. See *Brockmeier v. Brockmeier* (1993), 91 Ohio App.3d 689, 694, 633 N.E.2d 584, 587, quoting *Shastid v. Shastid* (Mar. 8, 1989), Hamilton App. No. C–870665, unreported. See, also, R.C. 3113.215(A)(5).

In *Peters,* this court found that although the criminal act leading to incarceration may be voluntary, the incarceration itself is involuntary and, therefore, is a change of circumstances that warrants the adjustment of child support orders. *Peters,* 69 Ohio App.3d at 277, 590 N.E.2d at 778. The dissent in *Peters* rejected the finding that "incarceration as the result of commission of a voluntary criminal act constitutes a change of circumstances which justifies modification of an order for child support." *Id.* at 277, 590 N.E.2d at 779 (Hendrickson, J., dissenting).

This court has reconsidered the implications of our decision in *Peters.* We now agree with the reasoning of other Ohio courts which have found incarceration due to criminal conduct to be voluntary. See, *e.g., Brockmeier,* 91 Ohio App.3d 689, 633 N.E.2d 584; *Cole v. Cole* (1990), 70 Ohio App.3d 188, 590 N.E.2d 862; *Williams v. Williams* (Sept. 24, 1992), Franklin App. No. 92AP–438, unreported, 1992 WL 246020; *Mannasmith v. Mannasmith* (July 26, 1991), Marion App. No. 9–90–44, unreported, 1991 WL 217317. As the court in *Williams* stated:

"A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful conduct placed himself in a position that he is no longer available for gainful employment, is not entitled to relief from his obligation to support his child. Incarceration was a foreseeable result of his criminal conduct and is thus deemed a voluntary act in and of itself."

■ Moreover, the only person to benefit if support is suspended would be Ballard. The purpose of the child support system is to protect the *child* and his best interest. See *Cole,* 70 Ohio App.3d at 193, 590 N.E.2d at 865. Depriving a child of financial support solely because his or her parent committed a criminal act does not serve that interest. Children should not be made to suffer financial hardship because of their parent's wrongdoing.

For the reasons stated above, we find both assignments of error to be well taken. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion and to determine what assets, if any, Ballard has that can be made available for payment of child support during his incarceration. Contempt proceedings should not proceed against Ballard if he is unable to pay child support while he is incarcerated; instead, any arrearage which accrues during his incarceration can be paid after his release by means of a supplemental order.

*Judgment reversed*
*and cause remanded.*

POWELL, J., concurs.

KOEHLER, J., dissents without opinion.