DECISION AND JUDGMENT ENTRY
 Opinion
Appellant Harold Lloyd Fuller appeals from the decision of the Lawrence County Court of Common Pleas denying his motion to modify his support order.
The Lawrence County Court of Common Pleas dissolved the marriage of Beverly Ann Fuller and Harold Lloyd Fuller, Jr. on May 18, 1992, incorporating the separation agreement of the parties into the decree. The separation agreement designated Beverly as the residential parent of the children, Justin and Kati, and required Harold to pay support in the amount of $59.99 per week per child, or $265.15 per month, per child, plus poundage.[2] Appellee Beverly Ann Fuller remarried in 1992.
On September 2, 1992, the Athens County Court of Common Pleas sentenced the appellant to the penitentiary, after a jury found him guilty of several felony charges, including aggravated robbery and grand theft. He is presently serving his sentence at the Lebanon Correctional Institution. His release date is apparently several years in the future.
On October 22, 1998, the appellant filed a pleading with the Lawrence County Court of Common Pleas styled as a "Motion To Modify Support And Correct Arrears." Included with the motion was an account of the appellant's prison earnings. The motion also included a certificate by the appellant indicating that he mailed appellee a copy of the motion by certified mail.
The trial court set the matter for hearing on November 4, 1998. On the date set for hearing, appellant's half-brother, Leslie Clark, appeared for the appellant under the claimed authority of a power of attorney signed by the appellant. Mr. Clark's affidavit, attached to appellant's brief, provides us with the only report of that hearing. Leslie Clark indicates that the court accepted papers sent by the appellant (presumably, further copies of appellant's prison income records) and indicated that a decision would be released later. The court made no record of the proceedings, nor does it appear that any hearing occurred on that date.
On February 5, 1999, the trial court, by entry, denied appellant's motion. It is from this order of the Lawrence County Court of Common Pleas that the appellant filed his timely appeal.
Appellant raises two assignments of error for our review:
1. ABUSE OF DISCRETION BY THE COURT.
2. FAILURE TO GIVE ADEQUATE FINDINGS OF FACTS CONCLUSION OF LAW. (sic)
 I
At the commencement of our review, we must note that appellee neither entered an appearance, nor filed a brief in this matter. From the appellant's statement of facts, it also appears that the appellee failed to appear before the trial court on the date set for hearing appellant's motion. However, appellant neither provided us with a transcript of the proceedings below, nor a statement of the evidence in compliance with App. R. 9 (C). When portions of the transcript which are necessary for resolution of the assigned errors are omitted from the record, the reviewing court has no choice but to presume the validity of the lower court's proceedings and affirm. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
However, an appellate court may also consider all or part of the trial court's record in order to resolve the appeal. Bell v.Horton (1995), 107 Ohio App.3d 824, 669 N.E.2d 546, Fuller v.Fuller (1972), 32 Ohio App.2d 303, 290 N.E.2d 852. In this case, we find that record dispositive of the issues before us.
 II
Appellant argues in his First Assignment of Error that the trial court abused its discretion by its denial of his motion. We apply the abuse of discretion standard when reviewing matters related to child support. Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028, 1030 and State ex rel. Scioto Cty.Child Support Enforcement Agency v. Gardner (1996), 113 Ohio App.3d 46,680 N.E.2d 221.
Appellant's motion before the trial court, and his brief on appeal, raise issues relating to visitation, as well as modification of child support. Apparently, appellant is arguing that since appellee denied him his visitation, in that he had not seen his children since 1992, he should be relieved of his obligation to pay child support. Ordinarily, child support and visitation are independent matters, Davis v. Davis, (1988),55 Ohio App.3d 196, 199, 563 N.E.2d 320, 324. R. C. 3109.05 (D) does not permit the court to suspend or terminate child support because of denial of visitation. See Logan v. Vice (1992),79 Ohio App.3d 838, 843, 608 N.E.2d 786, 789; Roberts v. Roberts
(July 20, 1995), Franklin App. No. 95APF01-33, unreported, and InRe Moore (Mar. 28, 1991), Marion App. No. 9-90-20, unreported.
Appellant also argues in his motion that the court should set aside the child support order and nullify any accumulated arrearage. Since the trial court denied his motion to modify, it never reached these issues. We will note, in passing, that R.C.3113.21 (M)(3) and (4) place limits on the ability of the trial court to modify a support order retroactively. The court may retroactively modify an order only to the date the movant filed the modification petition. Appellant also claims that appellee waived support by agreement, although appellant provided no written agreement to support this claim.
Appellant further raises issues concerning appellee's denial of visitation, apart from his motion for modification of child support. The trial court refused to consider any of these visitation issues raised by the appellant, finding that this portion of his motion "cannot be interpreted." Civ.R. 7 (B)(1) provides: "A motion, whether written or oral, shall state with particularity the grounds thereof, and shall set forth the relief or order sought." See Jerninghan v. Rini (Feb. 16, 1995), Cuyahoga App. No. 66764, unreported, Mitseff v. Wheeler (1988),380 Ohio St.3d 112, 114, 526 N.E.2d 798, 800. Having reviewed appellant's motion, we are also uncertain precisely what relief appellant sought by this portion of his motion.
We are not prepared to find that the trial court abused its discretion in denying his motion for modification of child support, nor in refusing to consider the issues appellant raised concerning visitation. Appellant's First Assignment of Error is OVERRULED.
 III
In his Second Assignment of Error appellant argues that the trial court failed to provide sufficient findings of fact and conclusions of law to support the denial of his motion. In support of his motion for modification of support, appellant cites Peters v. Peters (1990), 69 Ohio App.3d 275,590 N.E.2d 777. He argues that his child support should be reduced because he is now "involuntarily" unemployed as the result of his incarceration. We note that the Twelfth Appellate District has recently overruled Peters. See Richardson v. Ballard (1996),113 Ohio App.3d 552, 681 N.E.2d 507.
The trial court found that "incarceration in a penal institution is a form of voluntary unemployment," and that the courts in Ohio have "refused to accept the same as justification for failure to pay child support." We find the trial court to be correct in its statement of the current law on this issue. A majority of appellate districts follow the reasoning of Cole v.Cole (1990), 70 Ohio App.3d 188, 590 N.E.2d 862. In Cole, the court held that the trend in the courts is to refuse to modify or terminate child support of an obligor who became unemployed through his or her own volition. Under such circumstances, the obligor's incarceration did not excuse him from his existing child support obligation, since the criminal conduct which led to his incarceration is deemed to be a voluntary act by the obligor. Hence, the incarcerated obligor may not rely upon his voluntary act to establish the substantial change in circumstances necessary to justify modification of the existing child support order.
In addition to the Sixth Appellate District (Cole) and Twelfth Appellate District (Richardson), the First, Second, Third, Fifth, Eighth, and Tenth Districts have all adopted this approach. SeeBrockmeier v. Brockmeier (1993), 91 Ohio App.3d 689,633 N.E.2d 584; Jones v. Jones (Dec. 13, 1996), Champaign App. No. 95-CA-22, unreported; Mannasmith v. Mannasmith (July 26, 1991), Marion App. No. 9-90-44, unreported; Jennings v. Hollis (Nov. 22, 1993), Delaware App. No. 93CAF04014, unreported; Frederick v. Frederick
(Aug. 22, 1996), Cuyahoga App. No. 70242, unreported; andWilliams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported. The key to each of the cases cited above is the finding that incarceration of an obligor does not constitute the "substantial change of circumstances" necessary to invoke the continuing jurisdiction of the court to modify the child support order.
 IV
We find no child support worksheet in the record, as required by Marker v. Grimm (1993), 65 Ohio St.3d 139, 601 N.E.2d 196. The recent decision by the Supreme Court of Ohio in Depalmo v.Depalmo (1997), 78 Ohio St.3d 535, 679 N.E.2d 266, would appear to require the trial court to complete a preliminary recalculation of support using such a worksheet. Such a worksheet is required even if the trial court ultimately finds that appellant's voluntary criminal act supports the imputation of his past income and denial of modification. Cole, supra. In imputing income, the trial court must then follow Rock v. Cabral (1993),67 Ohio St.3d 108, 616 N.E.2d 218.
However, we find that we must still affirm the decision of the trial court to dismiss appellant's motion. It has long been the law in Ohio that "* * * where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof."Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,58 N.E.2d 658.
A domestic relations court does not have jurisdiction to conduct a hearing on a motion until the movant properly obtains service upon the opposing party in accordance with Civ.R. 4 through 4.6. Yonally v. Yonally (1974), 45 Ohio App.2d 122,125-126, 341 N.E.2d 602, 605. We find that the trial court lacked jurisdiction to hear the appellant's motion because appellant failed to perfect service of his motion on the appellee.
Upon review of the testimony of both spouses, and approval of the separation agreement, a trial court may grant a petition of dissolution and incorporate the separation agreement into the decree. That trial court then retains continuing jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities, visitation, and child support. R.C.3105.65 (B); Rohrbacher v. Rohrbacher (1992), 83 Ohio App.3d 569,615 N.E.2d 338.
Civ.R. 75 (A) provides that the Rules of Civil Procedure shall apply in divorce-related proceedings, including those rules relating to service, except for "modification or exceptions set forth in this rule." The court of appeals in Blake v. Heistan
(1994), 99 Ohio App.3d 84, 87, 649 N.E.2d 1304, 1305, ruled that "pursuant to Civ.R. 75 (I), the continuing jurisdiction of the court may be invoked by the filing of any motion by a party, regardless of the content or subject matter of the motion." Civ.R. 75 (I) is now Civ.R. 75 (J).
Civ.R. 75 (J), states "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rules 4 to 4.6." Therefore, in order to properly invoke the continuing jurisdiction of the trial court under Civ.R. 75 (J), the movant must serve the other party in accordance with Civ.R. 4 through 4.6. See Carson v. Carson
(1989), 62 Ohio App.3d 670, 577 N.E.2d 391; Hansen v. Hansen
(1985), 21 Ohio App.3d 216, 486 N.E.2d 1252.
Ohio courts have held that a party may waive service of a motion under Civ.R. 75 (J), by defending the motion on the merits. Cooper v. Cooper (1983), 10 Ohio App.3d 143, 145,460 N.E.2d 1137, 1141. However, the record does not indicate that appellee appeared on the date set for hearing this motion, nor does the record reflect that appellee waived service of appellant's motion. Where a party fails to meet the requirements of service of process under Civ.R. 75 (J) for a motion attempting to invoke the continuing jurisdiction of the trial court, the court is without personal jurisdiction to consider the motion.Hansen, supra.
Civ.R. 4 to 4.6 provide for various means to obtain service upon an adverse party. Civ.R. 4.1 describes all methods of service used within the state. For certified mail, the moving party must request the clerk of court to serve the adverse party. The clerk is to place a copy of the motion in an envelope, address that envelope to the address furnished by the movant, and prepare the envelope for mailing as required by the postal service. The clerk then files the returned receipt of the postal service in the record to establish delivery and notes completion of service in the docket. If the post office returns the envelope showing a failure of delivery, the clerk notifies the movant of failure of service and files the returned envelope in the record, Civ.R. 4.1 (A).
Here, neither the docket nor the record of the court below reflects proper service of the appellant's original motion seeking support modification on the appellee. Appellant indicated that he mailed a copy of this motion to the appellee by certified mail. However, the purpose of Civ.R. 4.1 is to establish service, or lack thereof, in the record of the case. Hence, the clerk, a neutral official, must mail the copy of the motion to the appellee. We must conclude from the record, for purposes of Civ.R. 75 (J), that the appellant failed to establish service of the original motion on the appellee.
Because the appellant failed to perfect service on the appellee, the trial court lacked proper jurisdiction to rule on the appellant's motion. The trial court erred in dismissing appellant's motion on the merits. Thomas v. Freeman (1997),79 Ohio St.3d 221, 680 N.E.2d 997, citing Maryhew v. Yova (1984),11 Ohio St.3d 154, 156, 464 N.E.2d 538, 540. The trial court did not err in dismissing appellant's motion, however. It must dismiss appellant's motion for failure of service. Although the trial court may have advanced the wrong reasons for its decision, its decision was still correct, and we are, therefore, required to affirm it. See Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93,96, 551 N.E.2d 172, 174.
Accordingly, we OVERRULE appellant's Second Assignment of Error and AFFIRM the decision of the trial court.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that the appellee recovers of the appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Kline, P.J.: Concurs in Judgment and Opinion. Abele, J.: Concurs in Judgment Only.
 ______________________________ David T. Evans, Judge
[2] Justin and Kati are fraternal twins born November 20, 1981, and are now age 18. From the record, at least one, if not both of the children remain in school. Under R.C. 3109.05 (E), support continues beyond the eighteenth birthday as long as the child continues to attend high school.