OPINION
This appeal is taken by Plaintiff-Appellant, Annette Paulus, from a judgment of the Court of Common Pleas of Shelby County, Domestic Relations Division, ordering the partial termination of a shared parenting decree and recalculating child support. Finding no merit to the arguments advanced on appeal, the judgment of the trial court is affirmed.
The record indicates that Appellant and Defendant-Appellee, Donald Brinkman, were married in November 1982. Two children were subsequently born as issue of the relationship; Amanda, d.o.b. July 16, 1984, and Curtis, d.o.b. February 20, 1986.
In August 1994, Appellant filed a complaint for divorce. A final judgment entry of divorce was rendered on April 26, 1996. Among other things, the trial court issued a shared parenting order, which stated that the children would reside with each parent for a specified duration each calendar year. The court also calculated a child support obligation for Appellee in the amount of $130.50 per month.
Thereafter, by way of motion filed on April 13, 2000, Appellee requested the court to terminate the shared parenting plan with respect to the parties' son, and designate him as the sole residential parent. In the meantime, Appellant filed a motion for contempt for Appellee's alleged failure to abide by the visitation orders contained in the final decree. Both motions were scheduled to be heard on August 22, 2000.
Following the hearing, the trial court granted Appellee's motion to terminate the shared parenting plan as to fourteen-year-old Curtis in an entry issued on September 22, 2000. Due to this modification of parental responsibilities, the court then recalculated child support and ordered Appellant to pay $155.12 per month in accordance with the statutory guidelines. In addition, the court overruled Appellant's motion for contempt. This timely pro se appeal followed.
 Assignment of Error I The trial court erred in establishing the Defendant's annualized income at $39,295.12 and erred by not including the Defendant's annual bonus payment.
 According to the trial court, Appellee's income for purposes of a child support calculation was based upon Defense Exhibit "F", which indicated a gross pay, including bonuses, of $19,647.56 from January to July 2, 2000. The court then used this year-to-date figure to determine an annual gross income of $39,295.12. Herein, Appellant argues that the trial court erred in establishing Appellee's yearly income at $39,295.12 because the court failed to consider an annual bonus in the amount of $10,000. We cannot agree.
Although Appellant's brief submitted to this Court appears to assert that Appellee was entitled to a $10,000 annual bonus from 1999 which he had not received as of the date of the hearing, we have no evidence to support this argument. It is Appellant's burden to demonstrate error on appeal. Appellant chose to provide us with a partial transcript, which does not include any evidence to refute or explain the fact that the year- to-date pay stub clearly states that a bonus was included in the income figure utilized by the trial court. In the event that we are provided with an incomplete record, this Court is bound to accept the trial court's findings and presume regularity in the proceedings. SeeVolodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
Appellant's first assignment of error is overruled.
 Assignment of Error II The trial court erred in that they [sic] concluded that the Defendant was not voluntarily under-employed.
 The record demonstrates that in February 2000, Appellee was informed by his employer, Stolle Products, that his pay would be reduced from approximately $60,000 earned in 1999 to his present income because of disciplinary action taken against him. Particularly, Appellee was employed as a supervisor when he allegedly made inappropriate comments to a co-worker. This action, among other things, led to a demotion and reduction in income. In this assignment of error, Appellant argues that the trial court erred in refusing to find that Appellee was voluntarily underemployed. This argument is not well taken.
"When an obligor reduces his income voluntarily, the reduction does not constitute a substantial change in circumstances that warrants a modification of his child support obligations." Richardson v. Ballard
(1996), 113 Ohio App.3d 552, 554. See, also, Brockmeier v. Brockmeier
(1993), 91 Ohio App.3d 689, 694. The question of whether a parent is voluntarily unemployed or underemployed for purposes of a child support calculation is a factual issue that will not be disturbed on appeal absent an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108, at the syllabus. An abuse of discretion is more than a mere error in judgment; rather, it implies that the trial court arrived at an arbitrary, unreasonable, or unconscionable decision. See, e.g.,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In support of her argument that Appellee's demotion and reduction in income was a voluntary act, Appellant cites to cases like Richardson,supra. However, the cases that Appellant relies upon deal solely with the issue of whether criminal conduct, which results in incarceration, is a voluntary act by the obligor. Several Ohio courts, including this Court, have found this to be voluntary and thus, not an unforeseen change of circumstances warranting a modification of support. See, e.g.,Richardson, 116 Ohio App.3d at 554; Cole v. Cole (1990),70 Ohio App.3d 188; Mannasmith v. Mannasmith (July 26, 1991), Marion App. No. 9-90-44, unreported. The reasoning for this trend in the law has been stated as follows:
 A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful conduct placed himself in a position that he is no longer available for gainful employment, is not entitled to relief from his obligation to support his child.
Incarceration was a foreseeable result of his criminal conduct and is thus deemed a voluntary act in and of itself.
 Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported [emphasis added].
In contrast to the cases involving incarceration, we find no abuse of discretion with the trial court's determination that Appellee's reduction in income was involuntary. This is especially true in light of the fact that Appellant has failed to provide us with a complete transcript of the August 22, 2000 hearing. At this point, we can only speculate as to whether Appellee's demotion should have been considered a foreseeable result of his conduct in the workplace.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.