OPINION
Defendant, Lawrence D. Kreuzer, appeals from orders of the court of common pleas, domestic relations division, denying Kreuzer's motion to modify his child support obligation and finding an arrearage in support owed by Kreuzer in the amount of $21,780.27.
The two orders which the court entered were the product of proceedings which this court had mandated in our determination of a prior appeal. Kreuzer v. Kreuzer (Sept. 4, 1998), Greene App. No. 94-CA-141, unreported. Kreuzer was serving a term of incarceration when our decision was rendered.
The trial court ordered a hearing on April 28, 1999 on the issues it was required by our mandate to determine. Kreuzer moved to continue the hearing until after August 20, 1999, when he would be released from incarceration. The court granted the motion, but it continued its hearing only until June 11, 1999. That hearing was subsequently continued until September 20, 1999.
On September 10, 1999, Attorney Richard A. Nystrom filed his notice of appearance as Kreuzer's counsel and asked the court for a continuance to prepare his case. The motion was heard by the court and denied at the commencement of the September 20, 2000 proceeding. Attorney Nystrom represented Kreuzer in that proceeding. At its conclusion, he moved for leave to withdraw stating: "I have no ability to effectively communicate with Mr. Kreuzer." (T. 161). The court granted the motion.
On October 13, 1999, the court denied Kreuzer's motion to modify his support obligation. The court also ordered a further hearing on November 18, 1999, to determine the amount of the support arrearage. That hearing was subsequently continued to March 28, 2000. Thereafter, on April 18, 2000, the court determined the amount of the arrearage to be $21,780.27, as of February 29, 2000.
Kreuzer filed a timely notice of appeal from the orders denying his motion to modify his child support obligation and determining the arrearage. He presents nine assignments of error on appeal.
FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED BY ABUSING ITS DISCRETION IN NOT GRANTING A CONTINUANCE FOR THE NEW ATTORNEY SO THAT HE COULD PROPERLY PREPARE FOR THE HEARING.
"The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." State v. Unger (1981), 67 Ohio St.2d 65, 67. "The term `abuse of discretion' connotes more than an error or law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
State v. Unger, supra.
Attorney Nystrom requested no particular period of time for a continuance. Indeed, his announced purpose in requesting one was as much to bring Kreuzer to an agreement to meet his support obligation as it was to investigate and prepare his client's case. Attorney Nystrom's desire to do that reflected his understanding of the difficulties Kreuzer presented as a client and litigant.
Kreuzer's failure or refusal to meet his support obligation has been the subject of extensive litigation in the domestic relations court and in this court. Much of that has resulted from Kreuzer's intractable refusal to meet his financial obligations to his child, which continues yet. Rather than doing that, Kreuzer has relied on technicalities and manipulated the rules of procedure at every opportunity.
Attorney Nystrom's desire for more time is understandable, and his request was reasonable. However, the matter had been awaiting a hearing on our mandate for almost a year when he filed his notice of appearance and moved for a continuance. The county prosecutor's office had several witnesses ready to testify when the motion came on for hearing. Attorney Nystrom was able to cross-examine those witnesses on Kreuzer's behalf, and did so effectively. We cannot find that Kreuzer was prejudiced by the denial of a continuance, and he has not told us how he was. Therefore, we cannot find that the trial court abused its discretion when it denied the request for a continuance.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE COURT ERRED IN GRANTING APPELLANT'S ATTORNEY MOTION TO WITHDRAW.
Kreuzer complains that Attorney Nystrom's withdrawal left him "high and dry" because he had no further funds available to retain another attorney to represent him at the subsequent hearing to determine the support arrearage. An attorney has no obligation to continue to represent a client with whom he cannot effectively communicate. Indeed, the court might have abused its discretion had it required Attorney Nystrom to continue to represent Kreuzer, under the circumstances.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE COURT ERRED IN NOT ALLOWING APPELLANT TO HAVE WITNESSES.
On May 25, 1999, the clerk of courts returned Kreuzer's request to issue subpoenas, stating that Kreuzer would have to first tender a deposit for witness fees and mileage. The clerk also stated that, notwithstanding Kreuzer's poverty affidavit, both the trial court and this court had determined that he is not indigent.
Kreuzer protested the clerk's refusal in the course of his testimony at the September 20, 1999 hearing. (T. 22). Notably, neither there nor in his appellate brief does Kreuzer identify the prospective witnesses. Kreuzer had filed a praecipe to subpoena the record keeper of the Pickaway Correctional Institution to bring the log of "legal mail" that Kreuzer received there during a particular period. The State, in its brief, identifies the two witnesses as individuals at the Montgomery County Pre-Release Center.
The clerk of the court of common pleas is required to charge two dollars for each person to whom a subpoena is issued. R.C. 2303.20(D). The clerk may not issue a writ to the sheriff of another county to serve a person therein until the party requesting the subpoena has deposited sufficient funds to cover the sheriff's costs plus witness fees and mileage charges. R.C. 2303.16. In performing these duties, the clerk is "under the direction of his court." R.C. 2303.26. Pursuant to that power, the court may by local rule require the clerk to waive the required deposit upon proof that the person requesting the subpoena is indigent.
It seems likely that the issue of what "legal mail" Kreuzer had received while an inmate concerned pending charges in contempt, which the court dismissed in its October 13, 1999 judgment denying Kreuzer's request to reduce his support obligation. If so, Kreuzer was not prejudiced by the clerk's refusal. If the evidence he sought might have concerned some other issue, Kreuzer has not told us that it did.
Kreuzer argues that he is and was indigent, notwithstanding the prior findings of the trial court and this court, because the trial court had frozen his assets, except for $2,000 he could use to pay an attorney. After the clerk returned his subpoena requests, on May 25, 1999, Kreuzer could have asked the court to modify its order to permit him also to pay the deposit the clerk requested, but he didn't. Kreuzer's subsequent complaint about the matter at the September 20, 1999 hearing was untimely.
The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO HAVE HIS CHILD SUPPORT LOWERED.
The trial court retains jurisdiction to modify its prior child support orders during the minority of the child and any extensions of time for which the law provides. R.C. 3109.05; R.C. 3113.215(B)(1); R.C.3113.215(B)(4); Civ.R. 75(I).
A two-step analysis is used to determine a request for modification. First, a change of circumstances must be found to exist. Cheek v. Cheek (1982), 2 Ohio App.3d 86; R.C. 3113.215(B)(4). After a finding that some relevant circumstance has changed since the last support order, the court must then determine the appropriate amount of support.
Cheek v. Cheek, supra.
Kreuzer argues that two different circumstances had changed since 1987 which warrant a reduction of the support obligation the court had then imposed on him to a nominal amount. The first was his loss of employment and subsequent inability to find new employment. The second was his periodic incarcerations, which in the aggregate total five years and eight months since 1987, mostly for non-payment of child support.
Voluntary unemployment or underemployment does not warrant a modification. Woloch v. Foster (1994), 98 Ohio App.3d 806. Incarceration may or may not warrant a modification, depending on the circumstances involved. Peters v. Peters (1990), 69 Ohio App.3d 275; Cole v. Cole (1990), 70 Ohio App.3d 118. Whether modification is warranted in either event involves a fact-sensitive determination that is committed to the trial court's sound discretion. The trial court's decision in that regard may be reversed on appeal only for an abuse of discretion. Woloch v. Foster, supra. An abuse of discretion does not exist unless the record demonstrates that the court's attitude in making its decision was arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The evidence presented at the hearing held on Kreuzer's motion to modify his child support demonstrates that Kreuzer lost his job as a computer programmer/analyst with DPL in August 1986. Kreuzer then collected unemployment benefits for six months. When his unemployment benefits ran out, Kreuzer filed a motion in March 1987 seeking a reduction of his child support obligation.
Kreuzer argues that he was unemployed and unable to find work for over seven years, from September 1986 until December 1993, when he began working at Deneb. Kreuzer worked at Deneb for three years from December 1993 until late November 1996. Since November 1996, right up until the hearing held on September 20, 1999, Kreuzer has been continuously unemployed.
The evidence demonstrates that in August 1991, Kreuzer filled out an application to lease an apartment. In that application Kreuzer reported that since 1986 he had earned six hundred dollars per week. Kreuzer now claims that the information about his income that he provided in that rental application was false. The evidence also demonstrates that in January 1997, Kreuzer cashed thirty thousand dollars in bonds he received as an inheritance from his father. Very little, if any, of that money was applied by Kreuzer toward his child support obligation and arrearage. Some of that money Kreuzer placed in a bank in the Bahamas. Some of it he used to pay cash for a car. Kreuzer was uncooperative and evasive at the hearing in answering questions about what happened to the rest of this money, whether it still exists, and how much money Kreuzer has in existing bank accounts.
In concluding that Kreuzer's unemployment did not excuse his child support obligation, the trial court noted that although Kreuzer testified in conclusory fashion that he looked for but could not find any work, he presented no evidence regarding what specific efforts he made to find work. The trial court observed that "anybody can be unemployed."
In the last thirteen years, Kreuzer has been employed only three years. Clearly, the trial court did not believe that the record demonstrates a good faith effort by Kreuzer to find employment, and that Kreuzer was able to obtain work sufficient to meet his fifty dollar per week child support obligation had he sought it. If anything, this record demonstrates Kreuzer's lack of regard for his duty to provide for the continuing needs of his child.
Voluntary unemployment does not constitute a substantial change of circumstances which warrants modification of a child support order. Woloch v. Foster, supra. On this record the trial court did not abuse its discretion in refusing to modify its previous child support order due to Kreuzer's unemployment.
Kreuzer argued that his incarceration represents a change in circumstances which warrants a reduction or suspension of his child support obligation. We note that during the thirteen years which elapsed between 1987 and the hearing in 1999, Kreuzer spent nearly six years incarcerated. Kreuzer has been sent to jail no less than seven separate times; once following a felony conviction for drug trafficking, and the remaining occasions for non-payment of child support.
Incarceration which results from voluntary criminal acts does not constitute a change of circumstances which justifies modification of a child support order. Cole v. Cole (1990), 70 Ohio App.3d 188; Mannasmith v. Mannasmith (July 26, 1998), Marion App. No. 9-90-44, unreported; Richardson v. Ballard (1996), 113 Ohio App.3d 552. In Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported, the court of appeals stated:
 A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful conduct placed himself in a position that he is no longer available for gainful employment, is not entitled to relief from his obligation to support his child. Incarceration was a foreseeable result of his criminal conduct and is thus deemed a voluntary act in and of itself.
The record portrays a disturbing pattern which has repeated itself over and over again. Except for three years from 1994 through 1996, in the past thirteen years when Kreuzer was not incarcerated, he nevertheless failed to obtain employment and failed to pay his child support, which resulted in the court sending Kreuzer to jail for non-payment of that support. Whenever Kreuzer was released from jail, he would remain unemployed and would not pay his child support, which resulted in his incarceration again. And so the cycle has gone.
The only person who would benefit if child support in this case were lowered or suspended would be Kreuzer. The purpose of child support, however, is to protect the child and serve the child's best interest. Cole, supra. Children should not be made to suffer because of a parent's wrongdoing. Kreuzer's continued failure to obtain employment and meet his child support obligation ten out of the past thirteen years, which has resulted in his repeated incarceration, are voluntary acts which do not constitute a change of circumstances warranting a reduction or suspension of his child support. The trial court did not abuse its discretion in denying Kreuzer's motion to modify his child support.
The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN APPLYING APPELLANT'S MONEY AND ASSETS TOWARDS BACK CHILD SUPPORT, WHERE NO VALID JUDGMENT EXISTED AGAINST APPELLANT AND NO JUDGMENT HAS BEEN MADE AGAINST APPELLANT.
Kreuzer argues that the trial court erred when it applied his money and the proceeds from the sale of his personal property to reduce his child support arrearage, absent a valid judgment establishing that arrearage and ordering such action. A review of the record discloses that this claim is baseless.
At the September 20, 1999 hearing, the administrator of the Greene County Child Support Enforcement Agency testified that Kreuzer's child support arrearage as of August 31, 1999, was $24,520.80. There was no contrary evidence, although Kreuzer claimed that this figure was inaccurate. The trial court ordered Kreuzer to pay, in addition to his ongoing fifty dollar per week support obligation, one hundred dollars per month toward the arrearage. That order was subsequently reduced to judgment by entry filed October 13, 1999. The trial court continued for two months a determination as to the exact amount of the arrearage in order to give Kreuzer time to inspect the agency's records.
Kreuzer's assets had previously been frozen by the court's January 21, 1997 and February 5, 1998, restraining orders. Moreover, various items of Kreuzer's personal property had been seized by Xenia police during execution of a search warrant at Kreuzer's residence. In its October 13, 1999, judgment entry, the court ordered that these assets be sold and the proceeds applied toward the child support arrearage. Specifically mentioned were Kreuzer's 1995 Ford Escort automobile, money Kreuzer had in a Provident Bank account, an IBM personal computer, cash money in Kreuzer's wallet, and other cash and bonds in the possession of Xenia police.
The fifth assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN APPLYING APPELLANT'S MONEY AND ASSETS TOWARDS BACK CHILD SUPPORT, WHEN APPELLANT HAD BEEN MAKING CHILD SUPPORT AND BACK CHILD SUPPORT PAYMENTS ON A REGULAR BASIS SINCE 1994
Kreuzer argues that it was unfair for the court to confiscate his assets, sell them, and apply the proceeds toward the child support arrearage when Kreuzer had made regular payments on that arrearage since 1994. He claims that these actions by the court discouraged him from paying his child support. Once again, this record reveals the frivolous nature of Kreuzer's claim.
The evidence presented at the September 20, 1999, hearing demonstrates that the arrearage on Kreuzer's child support obligation as of December 29, 1987, was $3,500. Over the years that arrearage grew substantially because Kreuzer did not work and he failed to pay his child support. Although Kreuzer did make regular payments on the arrearage during the three years that he worked at Deneb, 1994 through 1996, after 1996 there once again were no payments made by Kreuzer until just recently before the hearing. The arrearage on Kreuzer's child support as of August 31, 1999, was $24,520.80.
Given Kreuzer's lengthy past history of failing to work and failure to pay his child support, the trial court acted prudently in seizing Kreuzer's available assets, selling them, and applying the proceeds toward the child support arrearage.
The sixth assignment of error is overruled.
SEVENTH ASSIGNMENT OF ERROR
 THE COURT ERRED AND ABUSED ITS DISCRETION IN APPLYING APPELLANT'S MONEY AND ASSETS TOWARDS BACK CHILD SUPPORT, WHEN HE WAS FOUND NOT GUILTY ON THE CHARGES OF CONTEMPT OF COURT.
On January 21, 1997, the court issued a restraining order prohibiting Kreuzer from disposing of any of his assets and property, including any inheritance he received from his father's estate. On December 2, 1997, and again on February 4, 1998, the State filed motions asking that Kreuzer be found in contempt of court for violating the court's January 21, 1997, restraining order.
At a hearing held on March 28, 2000, the court dismissed the State's contempt motions, finding Kreuzer not guilty. At that same hearing, an employee of the Greene County Child Support Enforcement Agency testified that after applying the proceeds from the sale of Kreuzer's property to reduce the child support arrearage, the amount of that arrearage as of February 29, 2000, was $21,780.27. The court's dismissal of the State's contempt motions, as well as the court's determination as to the amount of the arrearage, were subsequently reduced to judgment by an entry filed April 18, 2000.
The basis for the contempt motions was Kreuzer's alleged violation of the court's January 21, 1997, restraining order prohibiting him from disposing of assets, not his failure to pay back child support. Thus, the court's finding that Kreuzer was not guilty of contempt has no bearing on or relevance to the court's order that Kreuzer's assets and personal property be confiscated, sold, and the proceeds applied to reduce the child support arrearage. This latter action has nothing to do with whether Kreuzer violated the court's restraining order.
The seventh assignment of error is overruled.
EIGHTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN NOT JOURNALIZING THE COURT'S VERBAL ORDER GRANTING APPELLANT A STAY ON HIS CHILD SUPPORT PAYMENTS, IN NOT ALLOWING TESTIMONY FOR HIS MOTION TO CONTINUE THE STAY AND IN NOT CONTINUING THE STAY ON CHILD SUPPORT PAYMENTS.
This alleged error is predicated upon Kreuzer's claim that during the September 20, 1999 hearing, the court issued a verbal stay of Kreuzer's obligation to make child support payments.
That claim is not supported by the record and is inconsistent with the court's actions at that hearing, which established Kreuzer's child support payments at $216.16 per month on the ongoing obligation, plus an additional $100 per month toward the arrearage. The court did verbally agree at the hearing to grant Kreuzer a two month continuance before determining the exact amount of the arrearage in order to allow Kreuzer to examine the records of the CSEA. More importantly, the judgment entry filed October 13, 1999, wherein the court reduced to journal entry its verbal orders from the September 20, 1999 hearing, contains no provision staying Kreuzer's obligation to make child support payments until after the next scheduled hearing in this matter. A court speaks only through its journal entries, not by its oral pronouncements. Schenley v. Kauth (1953), 160 Ohio St. 109; Andrews v. Board of Liquor Control (1955),164 Ohio St. 275.
We also note that at the subsequent March 28, 2000 hearing, when Kreuzer raised this issue about the court's alleged oral stay of his child support payments, the court denied making any such order and pointed out that it had never signed any such entry. The record does not exemplify Kreuzer's claim.
The eighth assignment of error is overruled.
NINTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN SETTING THE ARREARAGE AMOUNT AS OF FEBRUARY 29, 2000 INSTEAD OF AUGUST 31, 1999.
Among other things, the purpose of the hearing held on September 20, 1999 was to address Kreuzer's motion for a reduction in his child support and to determine the amount of the arrearage on that child support obligation. At that hearing the court determined that the amount of the arrearage as of August 31, 1999, was $24,520.80. At Kreuzer's request, the court continued to a later date the issue regarding the amount of the arrearage in order to give Kreuzer time to obtain and examine the records of the Greene County Child Support Enforcement Agency. The court also ordered that in the meantime, some of Kreuzer's assets and property be sold and the proceeds applied to reduce that arrearage. These orders were reduced to judgment by a journal entry filed October 13, 1999.
The purpose of the hearing held on March 28, 2000, was to establish the amount of the child support arrearage. From the evidence presented, the court determined that the child support arrearage as of February 29, 2000, was $21,780.27. This figure reflects a smaller amount of arrearage than the court had previously determined, because of the sale of Kreuzer's property and application of those proceeds to reduce the arrearage.
Kreuzer has not provided this court with any reason, much less authority, for why the court allegedly committed error in basing its determination as to the amount of the child support arrearage upon the most current, up-to-date figures available. We see no error.
The ninth assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.