OPINION
Defendant-appellant Jerry Rhodes appeals from the decision of the Belmont County Common Pleas Court which refused to modify and thereby suspend his child support obligation to plaintiff-appellee Jami Rhodes while he is imprisoned. For the foregoing reasons, the decision of the trial court is affirmed.
 STATEMENT OF FACTS
The parties were divorced in 1994, at which time appellant was ordered to pay child support in the amount of $190.74 per month to appellee for the parties' two children. This monthly amount was increased to $408.18 in 1997 by way of an administrative review and subsequent hearing.
In October 1999, appellant was convicted of gross sexual imposition (involving a nonminor) and sentenced to five years in prison. An administrative review of appellant's child support obligation was conducted in February 2000. Pursuant to appellant's request, an administrative hearing was held on whether appellant's child support obligation should be reduced and suspended while he is imprisoned. The hearing officer opined that an obligor may not have his child support reduced based on incarceration as the commission of a crime is a voluntary act.
Appellant timely appealed this decision to the trial court which held oral arguments on the issue. On August 24, 2000, the trial court agreed that child support shall not be eliminated as a result of the obligor's commission of a crime and subsequent incarceration. The within timely appeal followed.
 GENERAL LAW ON DECREASING CHILD SUPPORT
A child support obligor may seek to have his child support obligation decreased due to a substantial change in circumstances. A more than ten percent differential between the existing award and the recalculated amount is considered a substantial change. R.C. 3113.215(B)(4); DePalmov. DePalmo (1997), 78 Ohio St.3d 535, 540. In determining income, the court considers not only gross income but also potential income, which is imputed where a party is voluntarily unemployed or voluntarily underemployed. R.C. 3113.215(A)(1)(b) and (5)(a). Hence, when an obligor voluntarily reduces his or her income, this reduction in income will not constitute a substantial change in circumstances warranting a reduction in child support. The decision of the trial court on matters of voluntary reduction in income revolves around a question of fact and is not disturbed absent an abuse of discretion. Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
 ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Appellant sets forth three assignments of error. The first two assignments provide:
 "THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S INCARCERATION IN PRISON WAS A VOLUNTARY ACT AND ORDERING THAT THE BELMONT COUNTY CHILD SUPPORT ENFORCEMENT AGENCY NOT SUSPEND APPELLANT'S CHILD SUPPORT OBLIGATION WHILE APPELLANT IS INCARCERATED."
 "THE TRIAL COURT ERRED BY NOT MODIFYING APPELLANT'S CHILD SUPPORT OBLIGATION TO APPELLEE BASED ON APPELLANT'S CHANGE OF CIRCUMSTANCES OF BEING INCARCERATED IN PRISON AND MAKING LESS INCOME THAN APPELLANT PREVIOUSLY DID WHILE RELEASED."
Appellant points out that his current income while imprisoned is $18 per month. It is conceded that a ten percent differential exists only if appellant's new gross income is utilized in the child support calculation. However, the court found a voluntary income reduction, imputed income to appellant, and thus, refused to decrease child support. As such, appellant argues that the trial court erred in following the persuasive authority of other districts and holding that appellant's incarceration is a voluntary act which does not constitute a changed circumstance.
Initially, appellant urges this court to distinguish between the intent to commit a crime and the intent to avoid paying child support. He claims that in this type of situation, the trial court should only refuse to decrease child support where the court determines that the obligor committed the crime specifically to face incarceration in order to avoid his child support obligation. Appellant focuses on the fact that he was only convicted after a jury trial rather than a guilty plea, suggesting that he did not commit the crime with an intent to become imprisoned and avoid paying child support.
However, the Ohio Supreme Court has previously held that the relevant statute does not require proof that the obligor intended to evade a higher support obligation through his voluntary unemployment or underemployment. Rock, 67 Ohio St.3d at 111 (affirming a finding of voluntary underemployment where the obligor had employment that was not commensurate with her education, qualifications and ability). "The parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." Id. Hence, appellant's proposed test, which would require the court to consider appellant's subjective motivation for committing the crime, is contrary to the Supreme Court's holding in Rock.
Moving on to the issue of whether an incarcerated obligor is voluntarily unemployed, we shall review the case law. In support of his position, appellant cites four cases from other states. Appellee responds by arguing that the holdings in two of those cases have been superseded by subsequent case law in those states. Appellee then cites her own list of cases from other states in support of her position that child support should not be reduced.
Appellant also supports his position by citing one Ohio case out of the Twelfth Appellate District. In that case, the court held that the obligor's incarceration for committing a crime is not a voluntary act which would preclude a downward modification of child support. Peters v.Peters (1990), 69 Ohio App.3d 275, 277. However, the Twelfth District has since reconsidered its Peters decision. In Richardson v. Ballard (1996),113 Ohio App.3d 552, that court reversed a modification by the trial court and held that incarceration due to criminal conduct is voluntary.Id. at 554. The court noted that the purpose of the child support system is to benefit the child and that the only person who would benefit from a suspension of support is the obligor. Id. at 555.
Many other districts have held that the commission of a criminal act and subsequent imprisonment is a voluntary reduction of income and will not constitute changed circumstances for purposes of a child support modification. These courts hold that an obligor, who by his own wrongful conduct places himself in a position that he is no longer available for gainful employment, is not entitled to relief from his child support obligation. They note that the potential for imprisonment was a foreseeable result when the crime was committed. See, e.g., Brockmeierv. Brockmeier (1993), 91 Ohio App.3d 689, and Emmert v. Emmert (Feb. 28, 2000), Hamilton App. Nos. C-990119, C-990126, unreported (first district); Mannasmith v. Mannasmith (July 26, 1991), Marion App. No. 9-90-44, unreported (third district); Fuller v. Fuller (June 14, 2000), Lawrence App. No. 99CA04, to be reported (fourth district); Heropulos v.Heropulos (May 8, 2000), Stark App. No. 99CA236, unreported, and Willisv. Willis (Feb. 23, 1998), Stark App. No. 1998CA244, unreported (fifth district); Cole v. Cole (1990), 70 Ohio App.3d 188, and Wall v. Wall
(Oct. 29, 1999), Williams App. No. WM-99-6, unreported (sixth district);Frederick v. Frederick (Aug. 22, 1996), Cuyahoga App. No. 70242, unreported (eighth district); Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported (tenth district).
We agree with this line of cases. An obligor is not entitled to be relieved of his duty to support his children due to his commission of a crime and subsequent incarceration. Such entitlement would allow the obligor to obtain release from prison and owe no arrearage obligation to the child or the residential parent who had to shoulder the support burden on their own.[1] The trial court did not abuse its discretion by holding that an obligor who commits a crime and finds himself imprisoned reduced his income by voluntarily committing the crime. Imprisonment is a foreseeable result of the commission of a crime. Accordingly, these assignments of error are without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED BY NOT FINDING THAT APPELLANT'S NONPAYMENT OF CHILD SUPPORT WHILE HE IS IMPRISONED WOULD BE A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS."
Appellant argues that because the court refused to suspend his child support obligation during his five years of incarceration, the court thereby imposed upon him excessive, cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. As appellee posits, the court did not impose a fine or other punishment but rather merely refused to release appellant from his obligation and duty to pay child support while imprisoned on an unrelated criminal offense.
Appellant states that the court violated the Eighth Amendment by potentially exposing him to criminal punishment in the form of contempt or a violation of R.C. 2919.21 for nonsupport. However, this is not a contempt or criminal proceeding. Moreover, the trial court expressly stated that appellant cannot be held in contempt for failure to pay child support while he is in prison if he is unable to pay support. Various appellate courts agree with this statement of the law. Burchett v.Miller (1997), 123 Ohio App.3d 550, 553 (holding that a court could not hold an obligor in contempt for failure to pay child support that was accruing while that obligor was unable to pay as he could not work while on house arrest); Richardson, 113 Ohio App.3d at 555 (stating that contempt proceedings should not proceed against the obligor if he is unable to pay while incarcerated). Additionally, R.C. 2919.21(D) provides that inability to pay is an affirmative defense to a criminal nonsupport charge.
The trial court's refusal to suspend appellant's child support obligation while he was incarcerated did not directly or indirectly affect his Eighth Amendment rights against excessive fines or cruel and unusual punishment. Accordingly, this argument is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DONOFRIO, J. and WAITE, J., concurs.
[1] In cases where the residential parent is receiving financial assistance under Title IV-D of the Social Security Act, an obligor can seek an administrative review of his child support obligation if he cannot pay support for the duration of the child's minority due to incarceration where there is no chance of parole and the obligor has no assets. Ohio Adm. Code 5101:1-30-403(D)(5)(d). Since appellant states that his support was current until incarceration, he did not file a petition for review under this section, and we have no evidence that appellee is receiving aid, the case at bar is not currently a Title IV-D case with a governmental assignment. Regardless, appellant will not be incarcerated on this crime for the duration of his children's minority. The point of mentioning this administrative rule is to distinguish it from the present situation. The rule merely sets forth a scenario where the government waives its right to be reimbursed for providing financial aid to an obligee; it does not conflict with our decision as it is inapplicable to an obligee's right to receive funds owed to her.