OPINION
Appellant, David Ward, appeals from a decision of the Lake County Court of Common Pleas, Domestic Relations Division, in response to a motion he filed to modify child support and spousal support. For the reasons that follow, we reverse the judgment of the trial court.
On August 18, 1979, appellant married appellee, Gail Ward, in Des Moines, Iowa. The parties have two children as issue of their marriage; Timothy, born on November 8, 1982, and Christopher, born on September 27, 1985. Appellant was trained as an osteopathic doctor and began practicing medicine in 1979. The couple moved to Ohio in 1985. Appellant maintained a private practice until 1993, when he closed his practice and went to work as an independent contractor for the Geauga Hospital System.
On June 29, 1995, the parties, who had entered into a separation agreement, filed a dissolution of marriage in the trial court. The parties agreed to shared parenting of the children with appellee being the residential parent. Appellant agreed to pay spousal support for a period of four years, at the rate of $1,960 per month for the first two years, $1,775 per month in the third year, and $800 per month in the fourth year. This was made subject to modification by the court as to amount, but not as to term. Additionally, appellant agreed to pay child support in the amount of $675 per month, per child, until each child reached the age of 18. This was based on appellant receiving an annual income of $96,000.
Subsequently, on June 17, 1997, the State Board of Medical Examiners permanently revoked appellant's license to practice medicine in Ohio. Having lost his license to practice medicine and, hence, his job at the hospital, appellant filed a motion to modify support on June 26, 1997, claiming that there had been a substantial change in circumstances. Then, on August 4, 1997, appellee responded by filing a motion to show cause and a motion to increase spousal and child support based upon a claim that appellant's income had increased from 1995 to 1996. Appellee filed another motion to show cause on September 11, 1997, due to non-payment of spousal and child support.
A hearing was conducted by a magistrate on November 6, 1997. On December 5, 1997, the magistrate issued her decision, finding that appellant's loss of employment was involuntary. Additionally, the magistrate found that there was a substantial change of circumstances. However, instead of recalculating support based on appellant's present income, the magistrate decided to impute income to appellant of $50,000 per year based upon appellant's testimony that he expected to be able to obtain a middle management position in the medical field with an annual salary of between $30,000 and $50,000.
Both parties filed objections to the magistrate's report. Appellant argued that the imputation of income was improper, while appellee claimed that there was no change in circumstances and that the loss of income was voluntary. The trial court agreed with both parties' objections, rejected the magistrate's decision, and remanded it for further determination.
On June 3, 1998, the magistrate issued a new decision. The magistrate concluded that appellant's loss of his medical license, and corresponding loss of employment, was voluntary since the State Medical Board found that appellant had acted recklessly, leading the magistrate to conclude that a doctor who acts recklessly can reasonably anticipate that his license will be revoked. Since appellant's loss of employment was deemed voluntary, no change in circumstances occurred such that would warrant a reduction in support. The magistrate then calculated appellant's average income over the preceding years and concluded that appellant should be paying $783.72 per month, per child, in child support. Spousal support remained unchanged.
Appellant again filed objections to the magistrate's report. On July 21, 1998, the trial court affirmed the magistrate's decision with a modification that is irrelevant to this appeal. Appellant was also found to be in contempt of court.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. A physician who loses his medical license for poor medical practice is not voluntarily unemployed and cannot have income imputed to him.
 "2. Imputing income without expert opinion as to prevailing job opportunities and salary levels is error.
 "3. A self-employed person's gross income must be adjusted for self-employment taxes pursuant to statute."
In the first assignment of error, appellant contends that the trial court erred in concluding that a physician who loses his medical license for poor medical practices is voluntarily unemployed. We agree that the trial court erred.
While it is clear that a trial court can impute income to a party for purposes of calculating child support when the court finds that party to be voluntarily unemployed or voluntarily underemployed, see R.C. 3113.21.5(A)(5)(a), the key question raised in the case at bar is whether a doctor who loses his medical license can be considered voluntarily underemployed. This question must be answered in the negative.
There is no question that appellant practiced medicine poorly and/or in a reckless manner. Those actions which resulted in the loss of his license were voluntary. However, it is clear that appellant did not voluntarily surrender his license. His license was taken away by the State Medical Board. Thus, this case is distinguishable from Brockmeier v. Brockmeier (1993), 91 Ohio App.3d 689, which is the only case appellee relies on.
In Brockmeier, an attorney was caught misappropriating funds from his law firm. He resigned from his firm and voluntarily surrendered his license to practice law in hopes that criminal charges would not be brought against him. The First District Court of Appeals held that appellant's actions constituted a voluntary change in circumstances that did not warrant a reduction in the amount of support that the attorney was obligated to pay.
Thus, Brockmeier involved a voluntary surrender of one's professional license, as well as a voluntary resignation from one's employment. Additionally, the attorney ended up being prosecuted and convicted of a felony theft charge. As the court noted, Ohio courts have repeatedly held that criminal conduct is considered voluntary for purposes of examining its effect on the rights to modification of child support obligations. Id. at 693, citing Cole v. Cole (1990), 70 Ohio App.3d 188, 191-193. Additionally, the court pointed out that the attorney entered a guilty plea which literally made his incarceration voluntary.
Clearly, Brockmeier is distinguishable from the case subjudice where appellant committed no criminal act, and did not voluntarily surrender his license to practice his profession. Under the circumstance, justice would not be served by pretending that appellant had voluntarily become underemployed. Appellant's first assignment of error is well taken.
In the second assignment of error, appellant asserts that the imputation of income without expert opinion as to the prevailing job opportunities and salary levels is error. Whether or not appellant is correct in his assertion, however, is a moot point as there is no indication from the record that income was imputed to appellant. Instead, the trial court used actual income numbers from exhibits that were offered into evidence. Thus, appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that a self-employed person's gross income must be adjusted for self-employment taxes pursuant to statute. In light of our analysis of appellant's first assignment of error, however, this third assignment of error is moot and need not be addressed pursuant to App.R. 12(A)(1)(c). Additionally, appellant never raised this issue with the trial court and, thus, it is waived.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Accordingly, appellant's third assignment of error is overruled.
Based upon the foregoing analysis, the judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
FORD, P.J., NADER, J., concur.