DECISION.
Defendant-appellant Stephen Emmert appeals from the order of the domestic relations court overruling his motion to modify child support. In her cross-appeal, the plaintiff-appellee, M. Carol Emmert, contends that the trial court erred in overruling her objections to the decision of the magistrate imposing sanctions against Mr. Emmert only, and not against his counsel as provided by Civ.R. 11. She has also filed a motion for an award of attorney fees and expenses as sanctions in defending this appeal. Because we conclude that the court correctly found that Mr. Emmert's incarceration was a voluntary act that did not entitle him to relief from his obligation for child support, we affirm the trial court's judgment. We further overrule Mrs. Emmert's assignment of error in her cross-appeal, as well as her motion for sanctions.
On November 17, 1997, while an indictment for felonious assault was pending against Mr. Emmert, the trial court ordered him to pay $1,184.22 per month for the support of his three minor children. This figure was based upon his income from employment that had been terminated in August 1997 as a result of the indictment. Subsequently, the parties entered into a separation agreement in which Mr. Emmert agreed to use all cash in his retirement accounts and his share in the equity of the marital residence as payment toward his monthly child-support obligation. On January 11, 1998, pursuant to the sentence imposed on Mr. Emmert, the Clermont County Court of Common Pleas committed him to prison for a five-year definite term. On April 15, 1998, the court below entered a decree terminating the Emmerts' marriage and incorporating the November 17, 1997, support order and the parties' separation agreement.
On September 4, 1998, Mr. Emmert filed a motion for the termination of child support, alleging a substantial change of circumstances caused by his lack of earnings due to incarceration and by the fact that the funds from his retirement account and the marital residence would be exhausted on September 21, 1999. On the authority of this court's decision in Brockmeier v. Brockmeier
(1993), 91 Ohio App.3d 689, 633 N.E.2d 584, the magistrate concluded that because Mr. Emmert's own wrongful conduct was the reason he no longer had gainful employment, he was not entitled to relief from his child-support obligation. The magistrate also concluded that Mrs. Emmert was entitled to attorney fees in the sum of $350 from Mr. Emmert, finding that his motion had been filed in bad faith. Both parties filed objections to the magistrate's decision, which the trial court overruled on January 13, 1999.
We are not persuaded by Mr. Emmert's attempt to distinguishBrockmeier on its facts or by his argument that, unlike Brockmeier, he remains incarcerated and unable to earn income to pay child support. In adopting the rule applied by a majority of Ohio appellate districts, we concluded in Brockmeier that voluntary conduct causing one to become unemployed or underemployed is not within the contemplation of a change of circumstances justifying modification or termination of a child-support obligation. Id. at 693, 633 N.E.2d at 586. InBrockmeier, Judge Shannon, writing for the court, said, "The inability of an obligor who commits a crime to pay child-support obligations arises from `circumstances which he could have reasonably anticipated. * * * It is not `state action' which reduces his income, but his own willful acts.'" Id., quoting Colev. Cole (1990), 70 Ohio App.3d 188, 194, 590 N.E.2d 862, 866. We hold that the magistrate and the trial court correctly overruled Mr. Emmert's motion to terminate his child-support obligation.
We also reject the assignment of error raised by Mrs. Emmert in her cross-appeal. The award of sanctions is within the trial court's sound discretion. Unless it plainly and manifestly appears that there has been an abuse of discretion, a reviewing court will not disturb the trial court's ruling. See Gill v.Gill (Oct. 10, 1997) Hamilton App. No. C-960610, unreported. We are not persuaded that the trial court's award of attorney fees and expenses against Mr. Emmert only was unreasonable, arbitrary, or unconscionable. See Brockmeier at 692, 633 N.E.2d at 585-586; see, also, Civ.R. 11.
In her separate motion for sanctions filed in this court, Mrs. Emmert argues that because Mr. Emmert's counsel is also his stepfather, this appeal was filed for purposes of further harassment. She maintains that because the motion to terminate child support was found in bad faith, this court necessarily ought to award sanctions, as any appeal must also be in bad faith. Mr. Emmert has not specifically challenged the award of sanctions by the trial court, but in his appeal his counsel argues that he is motivated by an attempt either to change the rule in Brockmeier or to preclude its application to Mr. Emmert.
Mr. Emmert argues the injustice of a rule that allows one who is without means to accrue a $45,000 arrearage in child support during the period he is confined. He argues that such a rule is in contravention of public policy.
Appeals that are frivolous or filed in bad faith are subject to the imposition of sanctions by an appellate court pursuant to App.R. 23. "Frivolous conduct" is defined in R.C. 2323.51 as conduct that is "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for establishment of the law." A frivolous appeal is an appeal that represents no more than the "appellant's obstinate refusal to accept the ruling of this court and to delay execution of our mandate." In re Estate of Hollingsworth (1989),58 Ohio App.3d 14, 16, 567 N.E.2d 1322, 1323.
Here, the prolonged emotional stress and expense to Mrs. Emmert and the children in defending against this appeal must be balanced against Mr. Emmert's statutory right of appeal provided by R.C.2505.03, under the authority of Section 3(B)(2), Article IV, Ohio Constitution. The Ohio Supreme Court has yet to address the holding in Brockmeier. The majority of intermediate appellate courts that have addressed this issue have followed the rule ofBrockmeier as illustrated in Cole v. Cole, supra. See Richardsonv. Ballard (1996), 113 Ohio App.3d 552, 681 N.E.2d 507; Williamsv. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported; Mannasmith v. Mannasmith (July 26, 1991), Marion App. No. 9-90-44, unreported.
We are persuaded that Mr. Emmert has presented a reasonable question for review. To punish one who attempts to develop the law in this state's highest court would create, in our view, a chilling effect on the right of appeal. Therefore, we are reluctant to impose sanctions in this appeal, and Mrs. Emmert's motion is accordingly overruled.
For the forgoing reasons, the assignments of error are overruled and the judgment of the trial court is affirmed. Mrs. Emmert's motion for sanctions is hereby overruled.
Judgment affirmed.
 HILDEBRANDT, P.J., DOAN and GORMAN, JJ.