DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas in a contempt action for appellant's failure to indemnify appellee on a marital debt. Because we conclude that the trial court did not err in finding appellant in contempt, we affirm.
Appellant Ronald C. Miller and appellee Barbara M. Miller's marriage was dissolved in February 1986. The separation agreement, which was incorporated into the court's judgment entry, contained the following paragraphs:
 "6. [Appellant] shall pay all outstanding indebtedness to Monroe Bank Trust Company representing second and third mortgages on the residence property, said indebtedness being incurred as and for business loans and [appellant} shall further execute an indemnification agreement with [appellee], pledging all of his outstanding stock of R.C. Miller and Sons, Inc.
"* * *
 "8. [Appellant], commencing April 1, 1986, shall pay the sum of Sixty-eight Thousand ($68,000.00) Dollars, as and for decision of property, payable One Thousand ($1,000.00) Dollars per month until said sum is fully paid.
"* * *
 "15. * * * [Appellant] shall further execute a conditional assignment and pledge all of the outstanding stock of R. C. Miller Sons, Inc. to wife as additional security for the above enumerated paragraphs.
 "[Appellant] further agrees as the sole shareholder of R. C. Miller Sons, Inc. not to make any substantial change in the assets and/or liabilities of said corporation so long as their [sic] remains an indebtedness due and owing to [appellee] under the foregoing paragraphs, without her prior written approval, it being the intention of the parties, however, that the obligation due to [appellee] hereunder shall be primary and to be liquidated as soon as possible, the installment provisions of any required payments provided for hereunder due by [appellant] to [appellee], notwithstanding.
 "16. [Appellant] shall hold harmless and indemnify [appellee] from any and all indebtedness incurred by the parties during the marriage, whether it be personal or business, inclusive but not limited to Federal, State and Local Income Tax Liabilities incurred by the parties prior to the date of the contemplated dissolution proceedings, exclusive of the first mortgage on said residence property which [appellee] assumes and agrees to hold [appellant] harmless."
In June 2000, appellee filed a contempt action against appellant, alleging that appellant had failed to indemnify her against liabilities resulting from the Suzuki motorcycle business (R.C. Miller Sons, Inc.) and to pay her the lump sum property judgment of $67,436.09 plus interest, awarded as a result of a consent judgment entered in October 1996. After a hearing was conducted on the motion to show cause, the trial court made various factual findings.
At the show cause hearing, appellant testified that after the dissolution was granted, the motorcycle business had incurred debt for inventory provided by U.S. Suzuki Motor Corporation ("Suzuki"). Appellee had worked at the business, pursuant to the agreed terms of the dissolution. She did not, however, have any management rights or control over the business. Appellant, also as part of the dissolution, had agreed not to make any "substantial change" in the assets or liabilities of the business, as long as he was indebted to appellee.
In June 1986, R.C. Miller Sons, Inc. filed for bankruptcy. In 1987, Suzuki sued appellant and appellee pursuant to personal guarantees signed by them in 1983 and obtained a default judgment against them. Suzuki did not pursue collection of the judgment. Appellant's current wife, Robin Miller ("Robin") is an attorney. Suzuki ultimately hired Robin to collect on the judgment against appellant and appellee.[1] Robin sought satisfaction of the judgment only from appellee, successfully garnishing appellee's wages. Robin also sought, on behalf of Suzuki, to attach and foreclose on appellee's property judgment of $67,436.09 against appellant.
The trial court concluded that appellant was in contempt, finding that the debt incurred to Suzuki after the dissolution stemmed directly from the marriage liabilities contemplated by the dissolution agreement. As a result, the court found that appellant had failed to indemnify appellee for the Suzuki judgment and had failed to pay the property judgment as required by the dissolution. The court then sentenced appellant to thirty days incarceration, suspended upon appellant's compliance with the following purge conditions:
 1) Payment to appellee of $900.88 (the garnished amount) and 2) payment to appellee of $1,000 (the amount of the first monthly payment of the property division.) The court also ordered appellant to pay the costs of the suit as well as appellee's reasonable attorney fees.
Appellant now appeals that decision, setting forth the following two assignments of error:
"First Assignment of Error
 "The Trial Court Committed Reversible Error in its Judgment Entry When It Found That The Appellant Was In contempt For Failing To Indemnify The Appellee For The Debt to U.S. Suzuki Motor Corporation. The Court Ruled Manifestly Against The Weight of the Evidence And The Law. The Evidence Showed That The Appellant Was Not Required to Indemnify The Appellee On This Debt.
"Second Assignment of Error
 "The Trial Court Committed Reversible Error, Ruled Manifestly Against the Law and The Weight of the Evidence, and Abused Its Discretion When It Found That The Appellant Was In Contempt For Failing To Make Payments Against A Property Settlement That Had Been Reduced To A Judgment By A Previous Motion Of This Appellee."
 I.
Appellant, in his first assignment of error, argues that the trial court erred in finding him in contempt for failing to indemnify appellee for a debt incurred after the parties were divorced.
A court may punish disobedience of its order, pursuant to R.C. 2705.02(A) or the court's inherent power to enforce its authority. Zakany v. Zakany
(1984), 9 Ohio St.3d 192, syllabus. Judicial sanctions may be employed to coerce a defendant into compliance with a court order. Cincinnati v.Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197, 206. A trial court may make a finding of contempt even if the party's failure to comply with the order was not purposeful, willful, or intentional. Brockmeier v.Brockmeier (1993), 91 Ohio App.3d 689, 694, citing to Pugh v. Pugh
(1984), 15 Ohio St.3d 136, 140. It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel.See Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 57-58.
On appeal, the standard of review of a finding of contempt is whether or not the trial court's decision constituted an abuse of discretion.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion is more than an error of judgment; it connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When reviewing factual findings, an appellate court neither weighs the evidence nor judges credibility of witnesses. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, syllabus.
 Determinations as to the meaning of the terms of property division may be made by a domestic relations court pursuant to its authority to interpret and enforce its own judgments and orders. See In re Dissolution of Marriage of Seders (1981), 42 Ohio App.3d 155; R.C. 3105.65(B).
In this case, a reading of the dissolution decree in its entirety supports the trial court's conclusion that appellant was to indemnify appellee for any debts of the marriage, including those arising from the business. Since appellee incurred liability as a consequence of the guarantee for the business signed during the marriage, appellant is now responsible for indemnifying her from any debts arising from that business. Any interpretation of the dissolution decree which would permit appellant to solely incur debts after the marriage ended for which appellee may be held liable is inconsistent with the plain meaning of paragraphs eight and sixteen of the agreement. Therefore, the trial court did not abuse its discretion in finding appellant in contempt for appellant's failure to indemnify appellee for the amount awarded in the Suzuki judgment, including any garnishments of appellee's paychecks.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, claims that the lump sum judgment awarded to appellee for the property division claim precludes her from seeking relief through use of the contempt mechanism.
R.C. 2705.02(A) provides that a person guilty of "disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer" may be punished by the court's contempt powers. Appellant has cited no statute or any other authority to support his contention that obtaining a lump sum judgment entry for amounts owing from a dissolution decree waives the obligee's right to pursue the remedy of contempt.[2] On the contrary, we agree with the Eighth District Court of Appeals' view that such a remedy is available concurrently with the right of execution on the judgment. See Lash v. Lash (Feb. 22, 1990), Cuyahoga App. Nos. 56155, 56837, 57816, unreported; Erlenback v.Erlenbach (July 14, 1988), Cuyahoga App. No. 54132, unreported; Hellerv. Heller (July 20, 1978), Cuyahoga App. No. 37280, unreported.
In this case, appellee unsuccessfully attempted to collect the property judgment by garnishment. In our view, she was not precluded from pursuing alternative remedies, including a contempt action. Therefore, the trial court did not abuse its discretion in finding appellant in contempt for his failure to pay the property judgment.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.
[1] Not only does this appear on its face to be an obvious conflict of interest, but, under the circumstances of this case, may constitute a serious breach of ethics and disciplinary rules by Robin Miller. See DR 5-101 (accepting employment where lawyer's professional judgment might reasonably be affected by lawyer's financial or personal interests); E.C. 5-1 (loyalty to client must not be influenced by personal or third party interests); E.C. 5-2 (conflict of interest between attorney and client); E.C. 5-7 (interest in outcome of litigation).
[2] The case cited by appellant, Weaver v. Weaver (1987),36 Ohio St.2d 399, dealt with an actual new agreement between the parties which replaced the original terms in the dissolution decree, not a lump sum judgment entry. Therefore, Weaver is inapplicable to the present case.