OPINION
Appellant, Julie J. Foley, appeals from the June 20, 2000 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, in which the trial court determined that appellee, Edward P. Foley, should pay $148.43 per month in child support for each of his two children.
The parties' marriage was terminated on March 22, 1993. A shared parenting plan was adopted for their two children, with appellant being named as the primary residential parent. Appellee was ordered to pay $500 per month, per child, in child support.
Appellee was the director of security for Parker Hannifin from 1980 to 1996. In a May 13, 1997 judgment entry of the United States District Court, Northern District of Ohio, appellee was adjudged guilty of mail fraud and tax evasion. As a result of these convictions, appellee was incarcerated; and, he owes the IRS approximately $210,000 in back taxes. Also, as a term of his parole, he has been ordered to make restitution to Parker Hannifin in the amount of $810,644 for charging for consulting services, which he never performed. Further, he is unable to work in his area of professional expertise, security consulting, because security work requires a license and a bond which are denied to convicted felons.
In his last year of employment with Parker Hannifin, appellee earned approximately $110,000. At the time of the magistrate's decision, appellee was employed as a delivery driver at a wage of approximately $10 per hour. He anticipated receiving work as a carpenter at between $23 to $30 per hour commencing in March 2000.
Pursuant to a review of the child support order by the Child Support Enforcement Agency ("CSEA"), an administrative hearing officer recommended that appellee's child support obligation be reduced to $175.67 per month, per child, effective November 1, 1999. Appellant requested a hearing on the subject of appellee's revised child support obligations. A hearing was held on February 8, 2000. The magistrate reversed the CSEA's recommendation and ordered appellee to pay child support of $589.04 per month, per child. Appellee objected to the magistrate's decision, and a hearing was held by the trial court on May 11, 2000. As stated above, the trial court reduced appellee's child support obligation.
Appellant has filed a timely appeal and makes the following assignment of error:
 "Whether the trial court erred to the prejudice of [appellant] when the trial court lowered [appellee's] child support obligation even though the reduction in appellee's income was due to his incarceration."
 Appellant contends that the trial court should not have granted appellee's motion to modify his child support obligation because appellee's reduced income resulted from "voluntary" acts, which led to his incarceration. We agree.
Before granting a motion for modification of child support, a trial court must engage in a two-step process. Brockmeier v. Brockmeier
(1993), 91 Ohio App.3d 689, 692; Cole v. Cole (1990), 70 Ohio App.3d 188,191; Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported, 1992 WL 246020, at 1. First, it must determine if the movant has demonstrated a change in circumstances. Id. If so, then the court, after considering the factors identified in R.C. 3109.05(A), may make an appropriate modification. Id.
To warrant a reduction in his or her child support obligation, the movant must demonstrate that the change in circumstances was not a result of voluntary actions: "[a] parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support." Williams,supra; Brockmeier at 693. "Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion." Rock v. Cabral (1993),67 Ohio St.3d 108, syllabus.
In Ohio, incarceration is viewed as a voluntary act and does not warrant a finding of change of circumstances. Cole,70 Ohio App.3d at 193-194; Williams, supra; Richardson v. Ballard (1996),113 Ohio App.3d 552, 554. In Brockmeier, the First Appellate District addressed the issue of whether an obligor who was underemployed as a result of losing his professional license due to criminal acts was voluntarily underemployed. In that case, the appellant's employer had demanded his resignation because of accounting irregularities in his expense vouchers. Id. at 691. In an effort to avoid criminal charges, the appellant surrendered his law license. Id. The Brockmeier court concluded that the loss of his law license arose from the appellant's intentional conduct (fudging his expense reports), which had foreseeable consequences (criminal charges and the loss of his law license); therefore, his change in circumstances was voluntary. Id. at 692-694.
In Ward v. Ward (Dec. 17, 1999), Lake App. No. 98-L-181, unreported, 1999 WL 1313642, the appellant's license to practice medicine had been revoked by the State Board of Medical Examiners due to poor medical practices. We determined that his resulting underemployment was involuntary. Id. at 3. We distinguished the facts of Ward from those ofBrockmeier on the grounds that, in Brockmeier, the appellant had committed a criminal act and voluntarily surrendered his law license in an effort to avoid criminal charges, whereas, in Ward, the appellant had not committed a criminal act and had not voluntarily surrendered his medical license.
In the instant case, the trial court treated appellee's situation as a hybrid of Brockmeier and Ward, distinguishing the facts of this case fromBrockmeier on the grounds that appellee did not voluntarily surrender his license and bond to work in the field of security. However, as discussed above, with respect to imputing income to an obligor as a result of voluntary unemployment or underemployment, Ohio courts have consistently treated the consequences of a criminal act as being voluntary. If incarceration can be viewed as voluntary, so can the loss of professional credentials as the result of a felony conviction. In this case, unlikeWard, appellant lost his ability to work as a security consultant as the result of his criminal acts. Therefore, we find that appellant is voluntarily underemployed, and that the trial court abused its discretion when it reduced appellee's child support obligation due to his underemployment.
For the foregoing reasons, appellant's assignment of error is well-taken, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 ______________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., dissents, NADER, J., concurs.