[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Barrett Weinberger appeals from the trial court's order modifying a child-support obligation on him to $525.00 a month effective October 6, 1996, and imposing a new child-support order on him for $561.00 a month effective May 18, 1999.
Plaintiff-appellee Cathy Weinberger was granted a divorce from Barrett Weinberger on September 12, 1996. Incorporated into their divorce decree was a final decree of shared parenting ("shared parenting plan"). Under the shared parenting plan, Mr. Weinberger had agreed to an upward deviation of his child-support for their three minor children.
Mr. Weinberger filed a motion for post decree modification of child-support on October 9, 1996. On March 26, 1997, the magistrate granted his motion and reduced his child-support obligation to $571.27 per month. The order was made effective February 5, 1997. Both parties filed objections to the magistrate's decision. On June 3, 1997, the trial court changed the effective date of the child-support order to October 9, 1996, and found Mr. Weinberger's gross annual income to be $30,000 (rather than $30,117), but affirmed the magistrate's decision in all other respects.
On July 1, 1997, Mr. Weinberger appealed the trial court's decision to this court. In a decision dated May 15, 1998, we sustained one of his assignments of error and remanded the case to the trial court for re-determination of the child-support order in light of the fact that both parents should be designated as residential parents on the child-support worksheet; and in light of the Supreme Court's ruling inPauly v. Pauly,[1] which held that R.C. 3113.215(C) does not apply to child-support calculations where the parties have a shared parenting agreement that designates each parent as a residential parent.
After we remanded the child-support issue, Mr. Weinberger was tried, convicted, and sentenced for financial and tax misconduct in the United States District Court in Cincinnati, Ohio. He has been incarcerated in federal prisons since July 1998. As a result, Ms. Weinberger filed a motion to suspend the parties' shared parenting plan and modify child-support. In May 1999, the trial court granted Ms. Weinberger's motion to suspend the parties' shared parenting plan and modify the current child-support order. The trial court designated Ms. Weinberger as the sole residential parent and referred all pending child support issues, including those remanded by this court, to a magistrate.
On November 22, 1999, the magistrate held a hearing on the child support issues. The magistrate issued his findings of fact and conclusions of law on December 30, 1999. Mr. Weinberger timely filed a document captioned "defendant's motions preliminary to objecting to magistrate's decision." In the document, he objected to the amount of the child-support ordered effective May 18, 1999. Ms. Weinberger filed cross objections to the magistrate's decision in which she asked the court to retain jurisdiction over the issue of attorney fees. The lower court adopted all of the magistrate's recommendations as well as Ms. Weinberger's cross objection. It ordered Mr. Weinberger to pay child-support of $525.00 per month effective October 9, 1996 and child-support of $561.00 per month effective May 18, 1999. Mr. Weinberger raises three assignments of error on appeal.
In his first assignment of error, Mr. Weinberger claims that the trial court erred in affirming the magistrate's findings of fact and conclusions of law as to the October 9, 1996, child support order because it exceeded the previous mandate of this court, violated the judicial constraints of res judicata, and was plainly contrary to matters of record.
Mr. Weinberger failed to raise this argument below. Civ.R. 53(E)(3)(b) prohibits a party from assigning as error on appeal "the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A claimant is prohibited from challenging a magistrate's decision on particular grounds in the absence of appropriate objections pursuant to Civ.R. 53(E)(3)(b).[2]
Because Mr. Weinberger is assigning errors on appeal relating to issues that were never properly raised before the trial court, we are prohibited from addressing them.[3] As a result, his first assignment of error is overruled.
In his second assignment of error, Mr. Weinberger argues that the trial court erred in affirming the magistrate's conclusion that his loss of employment, which resulted from his criminal conduct, was not grounds for reducing the amount of the May 18, 1999, child-support order. We disagree.
One's voluntary criminal conduct is not grounds for modifying a child-support obligation.[4] The inability of an obligor who commits a crime to pay child-support obligations arises from `circumstances, which he could have reasonably anticipated.'[5] To hold otherwise would permit an obligor, who has committed a crime, to reduce his child support payment at the expense of his children.[6]
Because we hold as a matter of law, that Mr. Weinberger's actions constituted a voluntary change of circumstances, the trial court did not abuse its discretion in determining that Mr. Weinberger's incarceration did not warrant a reduction of the amount of child-support he should pay. Accordingly, we overrule his second assignment of error.
In his third assignment of error, Mr. Weinberger claims that the trial court abused its discretion by affirming the magistrate's findings of fact and conclusions of law of December 30, 1999. In particular, he argues the trial court abused its discretion by (1) affirming the magistrate's decision without a hearing or without written objections from both parties, (2) ignoring facts in the record as well as this court's remand, and (3) violating 15 U.S.C. § 1672 and 1673, which limit child-support orders to a maximum of 60% of the debtor's personal earnings. We find none of these arguments to be well taken.
Under Civ.R. 53(E)(4)(b), the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions or hear the matter." The use of the word "may" within the rule is permissive, rather than mandatory. Thus, the decision whether to admit additional evidence lies within the trial court's discretion.[7] In this case, the trial court ruled on Mr. Weinberger's objections without holding a hearing. Because the decision whether to admit additional evidence at a hearing on objections was within the trial court's discretion, we cannot hold it abused its discretion in failing to hold such a hearing.
We next address Mr. Weinberger's argument that the trial court abused its discretion when it ignored facts in the record as well as this court's remand. Unfortunately we are unable to reach the merits of Mr. Weinberger's argument. Like the first assignment of error, Mr. Weinberger failed to raise this argument in an objection to the magistrate's report, and therefore cannot raise it on appeal.
Mr. Weinberger also contends that the trial court abused its discretion in the May 18, 1999, child-support order by requiring a withholding of more than the maximum amount permitted by law. We disagree.
The plain language of 15 U.S.C. § 1673 indicates that the 60% maximum applies only to the amount of money that can be withheld, not the total amount of support that may be awarded.[8] Thus the trial court did not abuse its discretion in awarding child-support in an amount greater than sixty percent of Mr. Weinberger's prison income. For the foregoing reasons, we overrule Mr. Weinberger's third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler, and Shannon, JJ.
 Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] (1997), 80 Ohio St.3d 386, 636 N.E.2d 1108.
[2] See State ex rel. Booher v. Honda of Am. Mfg. Inc. (2000),88 Ohio St.3d 52, 53, 723 N.E.2d 571, 573.
[3] Even if Mr. Weinberger had raised these issues below, we would not be able to address them because he did not file a transcript of the magistrate's hearing with the trial court as required under Juv.R. 40(E)(3). Nor did he file a transcript with this court as required under App.R. 9.
[4] See Brockmeier v. Brockmeier (1993), 91 Ohio App.3d 689,633 N.E.2d 584; Emmert v. Emmert (Feb. 18, 2000), Ham. App. No. C-990119, C-990126, unreported.
[5] Brockmeier, supra, at 693, 633 N.E.2d at 586, quoting Colev. Cole (1990), 70 Ohio App.3d 188, 190, 590 N.E.2d 862, 866.
[6] See Williams v. Williams (Sept. 24, 1992), Franklin App. No. 92AP-438, unreported.
[7] See Cox v. Cox (Feb. 16, 1999), Fayette App. No. CA98-05-007, unreported.
[8] See e.g. In re Yeauger (1992), 83 Ohio App.3d 493, 615 N.E.2d 289, footnote 3 (amount withheld from wages for child-support may not exceed guidelines of Consumer Credit Protection Act; when amount withheld is insufficient, obligor must supplement withheld payments from other sources).