OPINION
{¶ 1} Defendants-appellants Kenneth C. Hoover, et al. appeal the November 13, 2001 Judgment Entry entered by the Stark County Court of Common Pleas, finding appellants in contempt of the trial court's December 18, 2000 Order, and awarding attorney fees to plaintiff-appellee David M. Showers.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 28, 2000, appellee filed a Complaint in the Stark County Court of Common Pleas, seeking injunctive relief against appellants relative to a fence under construction on real property owned by appellants and which had been conveyed from appellee. Appellee asserted appellants failed to seek and receive his approval for the fence as required by the restrictive covenant contained in the deed to appellants' property.
 {¶ 3} Via Judgment Entry filed December 18, 2000, the trial court ruled: "[appellants] are permanently enjoined from constructing a fence on their premises without prior approval by [appellee] in accordance with the restrictive covenant set forth in [appellants'] deed. [Appellants] are hereby ORDERED to remove any and all fencing that has been constructed."
 {¶ 4} Thereafter, the parties, through their respective counsel, entered into an agreement regarding the modification and redesign of the fence to meet appellee's approval. On June 18, 2001, counsel for appellants sent a design proposal via facsimile to counsel for appellee. On the cover sheet, counsel for appellant states, "Accompanying this fax is a design proposal by [appellants] for the rear fence. I was hoping they could give me more details. The proposed design is five feet from the ground in the middle 4 1/2 feet at posts. Because of the curved top, the fence would require horizontal boards to attach the fencing. The horizontal boards would be on the [appellants'] side."
 {¶ 5} In a July 10, 2001 correspondence faxed to counsel for appellants, counsel for appellee advised, "[Appellee] approves the construction of [appellants'] fence so long as it complies with the description and drawing included in your facsimile dated June 18, 2001. Specifically, [appellee] approves the terms contained in your facsimile cover page (height of five feet from the ground in the middle and four and one-half feet at the posts and horizontal boards facing [appellants'] side of the property) and the sketch/drawing attached thereto (which also includes the requirement of a minimum 2 foot setback from all property lines)."
 {¶ 6} On August 24, 2001, appellee filed a motion, requesting the trial court order appellants to appear and show cause why they should not be held in contempt of the trial court's December 18, 2000 Judgment Entry. The trial court scheduled a show cause hearing for September 27, 2001. At the hearing, appellants agreed to remove a trellis, which was not part of the approved design, and advised the trial court and appellee finials, which were part of the approved design, were ready to be placed on the fence post. The remaining issue in dispute was the placement of the fenceposts and whether such placement complied with the design approved by appellee.
 {¶ 7} After hearing all the evidence, the trial court found appellants' current placement of the fenceposts was not approved by appellee. The trial court based this finding upon the fact the design submitted to and approved by appellee did not address how the fenceposts would be incorporated into the fence, and upon appellee's testimony explaining he understood the design as requiring the posts be placed on the interior of the fence and noted this was critical to his decision to approve the design. The trial court ordered appellants to resubmit plans in accordance with the deed restriction and/or remove all fencing and posts within 30 days of the date of the order. The trial court memorialized its ruling via Judgment Entry filed November 13, 2001.
 {¶ 8} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 9} "I. THE COURT ERRED IN FINDING APPELLANTS IN CONTEMPT AND AWARDING ATTORNEY'S FEES.
 {¶ 10} "II. THE COURT ERRED IN FINDING THAT THE REDESIGNED FENCE WAS NOT APPROVED BY PLAINTIFF/APPELLEE.
 {¶ 11} "III. THE COURT LACKED JURISDICTION TO DETERMINE THE VALIDITY OF THE PARTIES' AGREEMENT TO CONSTRUCT THE REDESIGNED FENCE."
 I, II {¶ 12} Because appellants' first and second assignments of error are interrelated, we shall address said assignments of error together. In their first assignment of error, appellants contend the trial court erred in finding them in contempt and in awarding attorney fees to appellee. In their second assignment of error, appellants assert the trial court erred in finding appellee had not approved the fence redesign.
 {¶ 13} The standard of review of a trial court's finding of contempt is an abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249. In order to find an abuse of discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. Contempt may be either civil or criminal. Civil contempt utilizes a sanction imposed to coerce the contemnor to comply with the court's order, and is established by using the clear and convincing evidence standard. Con-tex Inc. v. Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94, 531 N.E.2d 1353. Criminal contempt permits a court to impose a sanction as punishment for a past failure, and thus, the contemnor is entitled to all rights afforded a criminal defendant. Morford v. Morford (1993), 85 Ohio App.3d 50, 54, 619 N.E.2d 71. Contempt is classified as either civil or criminal depending on the character and purpose of the contempt sanction. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 416 N.E.2d 610. Under civil contempt, prison sentences are conditional, i.e. the contemnor is imprisoned until he obeys the court order. Id. at 253. "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil." Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of the contempt. Fry v. Fry (1989),64 Ohio App.3d 519, 523, 582 N.E.2d 11. On the other hand, criminal contempt is usually characterized by an unconditional prison sentence. Brown, supra at 254. Such imprisonment operates not only as a remedy coercive in its nature, but also as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. See, generally, State v. Local Union 5760 (1961), 172 Ohio St. 75,82-83, 173 N.E.2d 331.
 {¶ 14} A trial court may make a finding of contempt even if the party's failure to comply with the order was not purposeful, willful, or intentional. Brockmeier v. Brockmeier (1993), 91 Ohio App.3d 689, 694,633 N.E.2d 584. It is no defense to a finding of civil contempt that a party acted in good faith and not in intentional disregard of a court order. Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph three of the syllabus, 271 N.E.2d 815.
 {¶ 15} At the hearing, appellee testified he interpreted the June 18, 2001 design in conjunction with the cover letter which accompanied it. Appellee stated, "* * * the fax indicates that the horizontal boards would be on [appellants'] side. When I look at the drawing, the posts are also on the same side as the horizontal boards. So I assume that's [appellants'] side that I am looking at, so I approved it based on the drawing and based on the fax, in conjunction with the fax." Appellee reiterated this interpretation several times throughout the hearing. In its November 13, 2001 Judgment Entry, the trial court found:
 {¶ 16} "Upon review of the evidence presented and the exhibits herein, the Court finds that [appellants'] current placement of the fenceposts was not approved by [appellee]. The design submitted to and approved by [appellee] does not address how the fenceposts will be incorporated into the fence. [Appellee] testified that his understanding of the drawing required the placement of the posts on the interior of the fence and that this was critical to his decision in approving the design. The fence, as constructed, places the fenceposts outside the fencing. As such, the Court finds that [appellee] has not approved the design for the existing fence as is required by the deed restriction."
 {¶ 17} Our review of the record confirms the trial court's findings. When reviewing the June 18, 2001 design submitted to, and ultimately approved by appellee, it is arguably unclear as to how the fenceposts will be incorporated. Appellee explained his interpretation of the design and his reasons for approval thereof. The fence, as constructed, did not correspond with the plan as understood by appellee when he approved it or as represented by the diagram when read in conjunction with the fax cover letter. Based upon the evidence adduced at the hearing, we find the trial court did not err in determining the fence, as constructed, was not in compliance with the design approved by appellee. As such, we further find the trial court did not abuse its discretion in finding appellants in contempt and awarding attorney fees to appellee.
 {¶ 18} Appellants' first and second assignments of error are overruled.
 III {¶ 19} In their final assignment of error, appellants maintain the trial court lacked jurisdiction to determine the validity of the parties' agreement relative to the redesigned fence. At oral argument, appellants conceded the trial court had jurisdiction as the court needed to determine if the fence complied with the approved design in order to determine if appellants were in contempt. Accordingly, we find appellants' third assignment of error to be meritless.
 {¶ 20} The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.
By: Hoffman, P.J., Wise, J. and Boggins, J. concur.