JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Jeffrey Brian Hurst, appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment. We find merit in his assignments of error and reverse the trial court's judgment. We note that plaintiff-appellee, Jenifer Campbell Hurst, has failed to file a brief with this court. Consequently, we may accept the statement of facts in Jeffrey's brief as true. See App.R. 18(C); Lindsayv. Jackson (Sept. 8, 2000), 1st Dist. No. C-990786.
The record shows that Jeffrey and Jenifer Hurst were divorced in 1998. The divorce decree ordered Jeffrey to pay child support. In determining the amount of child support, the court imputed income to him of $40,000 per year. It based that figure on a written stipulation that Jeffrey's council had signed. The stipulation, which was apparently filed while Jeffrey was incarcerated and which he did not approve or sign, was inaccurate. The affidavits filed in conjunction with the pleadings showed that in the three years prior to the filing of the divorce decree, Jeffrey's highest yearly income was approximately $25,000.
Jeffrey objected to the magistrate's report. He stated, "The Defendant states that the child support was based on imputed income of $40,000 for the father. According to his testimony, he never made $40,000 in his life as an installer of irrigation systems. Therefore, the defendant respectfully requests the Court base his child support on a $27,000 per year figure." The trial court overruled his objection without explanation, and the divorce decree ordered him to pay child support based on the $40,000 imputed income.
Jeffrey, who was no longer represented by counsel, did not appeal the divorce decree. At various times, he filed pro se motions in which he contended that the amount of child support ordered was too high. Jenifer filed various motions for contempt because of Jeffrey's failure to pay child support. At those times, Jeffrey again contended that the amount of child support was too high. In fact, the trial court recomputed the amount of child support based on an annual income of $26,000 and ordered Jeffrey to pay that amount to purge the contempt. But the court refused to modify the original order, and an arrearage continued to accumulate.
After he was able to retain counsel, Jeffrey filed a Civ.R. 60(B) motion for relief from judgment, in which he argued that the child-support order was erroneously based on the stipulation. The trial court overruled that motion, holding that the issue of imputed income and the proper amount of child support was res judicata.
Jeffrey presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred by denying his motion for relief from judgment. He argues that the trial court improperly determined child support using an imputed income of $40,000 when the only basis for imputing that income was a stipulation with no basis in fact. This assignment of error is well taken.
The trial court's decision denying the motion based on the doctrine of res judicata was erroneous. The doctrine of res judicata is inapplicable to a Civ.R. 60(B) motion. The rule provides a means through which a party may avoid the consequences of res judicata in the interests of justice. The granting of a Civ.R. 60(B) motion recognizes that the movant has adequately demonstrated that the judgment ought to be set aside or modified. Estate of Heffner v. Cornwall, 3rd Dist. No. 10-03-06, 2003-Ohio-6318; Centrust Sav. Bank v. Fruchtman (June 30, 1986), 6th Dist. No. L-85-364; Potter v. Potter (Apr. 22, 1981), 1st Dist. No. C-800348.
As to the merits of Jeffrey's motion, he was entitled to relief from judgment under Civ.R. 60(B)(5), "any other reason justifying relief from judgment." He demonstrated that his attorney had exceeded his authority by submitting an unauthorized and untrue stipulation to the court. SeeCoulson v. Coulson (1983), 5 Ohio St.3d 12, 448 N.E.2d 809; Fanta v.Minerd (Apr. 3, 1980), 8th Dist. No. 39491. While Jeffrey has certainly not been a model citizen in terms of paying child support, we see no reason to leave intact and to enforce a judgment that is obviously wrong. Certainly, the court could properly impute some income to Jeffrey since he was voluntarily underemployed. See Brockmeier v. Brockmeier
(1993), 91 Ohio App.3d 689, 633 N.E.2d 584; Emmert v. Emmert (Feb. 18, 2000), 1st Dist. Nos. C9-90119 and C-990126. But the imputed income should have some reasonable basis in fact.
Jeffrey also alleged operative facts to show that he had a meritorious defense. Further, we acknowledge that a lapse of time occurred between the judgment and the filing of his Civ.R. 60(B) motion. Nevertheless, while acting pro se, Jeffrey attempted to have the trial court correct the error, and his attorney, once retained, filed the Civ.R. 60(B) motion. Consequently we hold that the motion was filed within a reasonable time. See GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113; Caldwell v. Alston (Oct. 2, 1996), 1st Dist. No. C-950688.
Civ.R. 60(B) is a remedial rule that courts should liberally construe to serve the ends of justice. Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18,1996-Ohio-430, 665 N.E.2d 1102. Consequently, we hold that the trial court abused its discretion in overruling Jeffrey's Civ.R. 60(B) motion. See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564,Caldwell, supra. We sustain his first assignment of error. We reverse the trial court's judgment denying his Civ.R. 60(B) motion and remand the matter for a hearing on the issue of how much income should be imputed to Jeffrey in determining the proper amount of child support and in recalculating any arrearages.
In his second assignment of error, Jeffrey states that the trial court erred in failing to hold an evidentiary hearing on his Civ.R. 60(B) motion. He argues that the trial court improperly refused to allow him to present evidence as to his true earnings for the time period in question.
We agree that the trial court should have held a hearing because Jeffrey's Civ.R. 60(B) motion contained allegations of operative facts that would have warranted relief from judgment. See Kay, supra; Coulson,
supra. Nevertheless, Jeffrey proffered his evidence, and the record contains sufficient information to allow us to rule on the merits of his motion. Therefore, this assignment of error is moot, and we, therefore, decline to address it. See App.R. 12(A)(1)(c); Lindsay, supra.
The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with the terms of this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.