OPINION
{¶ 1} Appellant, Terry L. Pease, brings this appeal from the December 19, 2005 judgment of the Mercer County Court of Common Pleas, Juvenile Division, granting his motion to modify child support. In his motion, Pease requested that the court below suspend his child support obligation due to his current incarceration in the Idaho prison system. The trial court denied that request, but did reduce the amount of the child support order. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} After he was adjudicated a delinquent child pursuant to R.C. 2151.355, the trial court ordered that appellant's son be placed with the Department of Youth Services. The child's parents, appellant herein and Sheila L. Smith, were ordered to reimburse the county for the costs of placing the child in Youth Services. See R.C. 2151.36. The record is silent as to the relationship between appellant and Ms. Smith; however, they were each ordered to make separate child support payments to reimburse the county. On August, 10, 2001 the trial court ordered appellant to pay $241.79 a month in child support, plus a 2% fee for a total cost of $246.63 per month.
 {¶ 3} However, on July 26, 2001, shortly before this order was issued, appellant became incarcerated in Boise, Idaho. He has remained in the Idaho prison system since that date, and has only paid a total sum of $124.02 to the Mercer County Child Support Enforcement Agency.
 {¶ 4} On March 14, 2005 appellant filed a motion with the trial court seeking to modify the child support obligation due to his present state of incarceration. The trial court denied that request, but did reduce the payment amount to $50.00 a month. In addition, the court found that the child reached the age of majority on August 8, 2003, and terminated the support obligation as of that date. Appellant was ordered to pay $50.00 per month until the amount in arrears was paid off. Appellant thereafter filed the instant appeal, asserting four assignments of error.
 Assignment of error I The Common Pleas Court did violate appellants' rights infailing to grant the appellant the relief he sought in [his]Motion to Modify Child Support.
 Assignment of error IV The Common Pleas Court has abused its discretion and violatedthe rights of the appellant without giving regard to the materialchange of appellant's circumstances, as to the hardship and theburden child support order brings upon the appellant.
 {¶ 5} Appellant's first and fourth assignments of error relate directly to the trial court's decision regarding his motion to modify child support. He argues that he should not be required to pay child support while he serves his prison term. We find no merit in appellant's arguments.
 {¶ 6} First, in the instant case the trial court ordered appellant to pay child support pursuant to R.C. 2151.36, which provides in pertinent part:
[W]hen a child has been committed as provided by this chapter* * *, the juvenile court shall issue an order * * *requiring that the parent, guardian, or person charged with thechild's support pay for the care, support, maintenance, andeducation of the child. The juvenile court shall order thatthe parents, guardian, or person pay for the expenses involved inproviding orthopedic, medical, or surgical treatment for, or forspecial care of, the child, enter a judgment for the amount due,and enforce the judgment by execution as in the court of commonpleas.
R.C. 2151.36 (emphasis added). The statute includes mandatory language. Thus, the plain language of the statute requires the trial court to order the parents to pay the expenses of committing the child to state care. See In re Day, 12th Dist. No. CA2002-09-073, 2003-Ohio-2344, at ¶ 27.
 {¶ 7} Moreover, the legislature has specifically determined that the financial circumstances of the parents are irrelevant to whether or not they should be ordered to pay these expenses. The General Assembly specifically included the mandatory language of the statute when the section was amended in 1996 in H.B. 294. The previous version of the statute provided that "the juvenile courtmay make an examination regarding the income of the parents, guardian, or person charged with the child's support, and maythen order that the parent, guardian, or person pay [the expenses]." The amendment to the statute leaves no doubt that individual circumstances of the parents is not a consideration; the statute requires the parents to pay the costs of the child's support.
 {¶ 8} Second, although appellant cites to several Idaho cases holding that incarceration is a "change of circumstances" permitting a modification of child support orders, Ohio courts have determined that one parent's incarceration should not result in an alteration of that parent's child support. See Richardsonv. Ballard (1996), 113 Ohio App.3d 552, 554-55, 681 N.E.2d 507;Cole v. Cole (1990), 70 Ohio App.3d 188, 191-94,590 N.E.2d 862. Those courts held that one parent's incarceration was not a "change in circumstances" that would permit a trial court to modify child support obligations. They are distinguishable from the instant case in that they did not involve R.C. 2151.36, but rather involved child support payments made by one parent to another who had been designated residential parent. Richardson,
supra at 553; Cole, supra at 190. However, the reasoning behind those decisions remains: the parent should not be excused from his child support obligations because of a willful act that resulted in imprisonment. As the Cole court held, "[a]ny voluntariness in diminished earning capacity has increasingly become an impediment to modification." Cole, supra at 193 (citations omitted). Thus, the fact that one cannot pay due to being incarcerated will not result in a modification of child support payments, and "[a]ny arrearages which accrue during appellant's incarceration can be paid after his release by way of a supplement to the original order." Id.
 {¶ 9} Accordingly, we find that appellant was not entitled to have his child support obligations suspended for the period of his incarceration. The first and fourth assignments of error are overruled.
 Assignment of error II The Child Support Enforcement Agency has erred by serving acopy of the court-ordered child support withholding order uponthe appellant through the Idaho Department of Corrections.
 Assignment of error III The appellant is protected by law and unreasonable applicationthereof, from child support withholding order deductions.
 {¶ 10} In these assignments of error, appellant contends that it is improper to garnish funds from his "account" with the Idaho State Correctional Institution. This "account" consists of funds given to him by outside sources and "incentive pay" accumulated from doing productive work while incarcerated. Appellant uses these funds to purchase various sundries and other items from the prison's commissary. In support of this contention, he argues that the correctional institution is not his "employer" and withholding funds from state prisoner is contrary to Idaho law.
 {¶ 11} However, both Ohio and Idaho have enacted versions of the Uniform Interstate Family Support Act. Under Ohio's version, exacted at R.C. 3115.01 et seq., "[t]he law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under [a withholding] order." R.C. 3115.41. Thus, Idaho law pertaining to appellant's child support obligation is irrelevant.
 {¶ 12} Moreover, the issue of whether the Idaho State Correctional Institution can be considered appellant's "employer" is likewise irrelevant. R.C. 3121.02 provides that an Ohio court that has issued a child support order must issue another order pursuant to one of the provisions in R.C. 3121.03 "to ensure that withholding or deduction from the income or assets of the obligor is available * * * for the collection of the support and any arrearages that occur * * *." R.C. 3121.03(A)(1) provides that "[i]f the court or the child support enforcement agency determines that the obligor is receiving income from a payor,
the court or agency shall require the payor to [withhold child support from the obligor's income]." (emphasis added). Under these statutes, the status of the payor and the source of the income are irrelevant for purposes of determining whether it is susceptible to withholding. Thus, the trial court was permitted to order the withholding of funds from any income appellant receives while incarcerated, whether that be from outside sources or from "incentive pay" accumulated for productive work done while an inmate.
 {¶ 13} Based on the foregoing, appellant's second and third assignments of error are overruled. The judgment of the Court of Common Pleas is affirmed.
Judgment affirmed.
 Rogers and Cupp, JJ., concur.