OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Appellant, Ricardo Duque ("Ricardo"), appeals the May 5, 2006 Judgment of the Common Pleas Court of Seneca County, Ohio denying Ricardo's request to terminate his child support obligation.
 {¶ 2} On December 22, 2003, the Seneca County Department of Job and Family Services filed a complaint alleging that Erica Duque was a neglected and/or dependent child. Also, on December 22, 2003, an ex parte order was issued placing Erica in the temporary custody of her mother, Melissa Blossom ("Melissa"). Erica is a minor child, with a birthdate of 12/13/1990, whose parents it is uncontested are Ricardo Duque and Melissa Blossom. On December 23, 2003, the trial court held a probable cause hearing and issued additional orders, including that child support be paid by Ricardo to Melissa.
 {¶ 3} On January 22, 2004, Erica was adjudicated a dependent child pursuant to R.C. 2151.04(C) based on the admissions of her parents. The prior child support order was not modified or terminated; thus it remained that Melissa had temporary custody of Erica and that child support was to be paid by Ricardo to Melissa. On September 14, 2004, Melissa was granted legal custody of Erica. Sometime after legal custody was granted to Melissa, Roger Blossom ("Roger"), Erica's step-father, became a custodial parent of Erica.
 {¶ 4} On February 13, 2006, Ricardo sent a letter to the Seneca County Juvenile Court requesting that the court terminate his child support obligation. On March 6, 2006, the trial court held a review hearing at which time it terminated protective supervision by the Seneca County Department of Job and Family Services and closed the case plan. The trial court established that Roger had temporary custody of Erica while both Melissa and Ricardo were incarcerated. In fact, Ricardo at the time of the hearing had served 14 months of a life sentence for rape, but would be eligible for parole after serving 10 years of that sentence. Then the trial court proceeded to address Ricardo's motion for a termination of child support. At the end of a full evidentiary hearing on the issue, the trial court denied Ricardo's motion in its May 5, 2006 Judgment Entry.
 {¶ 5} On May 18, 2006, Ricardo filed a notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN THAT IT ABUSEDITS DISCRETION IN DETERMINING THAT APPELLANT'S CIRCUMSTANCES,INCLUDING, BUT NOT LIMITED TO HIS INCARCERATION, DID NOTCONSTITUTE A CHANGE IN CIRCUMSTANCES WARRANTING TERMINATION OFAPPELLANT'S CHILD SUPPORT OBLIGATIONS.
 {¶ 6} Ricardo's sole assignment of error relates directly to the trial court's decision regarding his motion to modify child support. He alleges that he should not be required to pay child support while he serves his prison term. Specifically, he argues that he has no appreciable assets and is incarcerated for life so even if he is paroled he would not be able to make any payments to Erica until she is 25 years old. Furthermore, he claims that he has no possibility of work release and the job prospects, if he is released, are remote. We find no merit in his arguments.
 {¶ 7} A trial court's decision regarding whether to grant a motion to modify child support orders will not be reversed on appeal absent an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, 686, N.E.2d 1108, citing Booth v. Booth
(1989), 44 Ohio St.3d, 142, 144, 541 N.E.2d 1028. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 8} Pursuant to R.C. 3119.88,
Reasons for which a child support order should terminateinclude all of the following:
 (A) The child's attainment of the age of majority of the childno longer attends an accredited high school on a full-time basisand the child support order requires support to continue past theage of majority only if the child continuously attends such ahigh school after attaining that age;
 (B) The child ceasing to attend an accredited high school on afull-time basis after attaining the age of majority, if the childsupport order requires support to continue past the age ofmajority only if the child continuously attends such a highschool after attaining that age;
 (C) The child's death;
 (D) The child's marriage;
 (E) The child's emancipation;
 (F) The child's enlistment in the armed services;
 (G) The child's deportation;
 (H) Change of legal custody of the child.
 {¶ 9} In the instant case, the trial court ordered Ricardo to pay child support to Melissa in its December 23, 2003 Judgment Entry. Ricardo did not appeal from that final order and began paying child support to Melissa for Erica. On February 13, 2006, Ricardo sent a letter to the Seneca County Juvenile Court requesting that the court terminate his child support obligations because Erica had been placed into the temporary custody of Roger. He asserted that the placement of Erica in the temporary custody of Roger was a "change in legal custody" pursuant to R.C.3119.88(H). He also alleged that he was incarcerated for a life sentence and making less than $20.00 a month.
 {¶ 10} Previously, this Court ruled in In re Pease, 3rd Dist. No. 10-05-21, 2006-Ohio-2785, that one parent's incarceration should not result in an alteration of that parent's child support. Specifically, Ohio courts have held that one parent's incarceration is not a "change in circumstances" that would permit a trial court to modify child support obligations. See Richardson v. Ballard (1996), 113 Ohio App.3d 552, 554-55,681 N.E.2d 507; Cole v. Cole (1990), 70 Ohio App.3d 188,191-94, 590 N.E.2d 862. The cases are distinguishable from this case because in the instance case the father is paying child support to the step-father, rather than child support payments being made by one parent to another as a designated residential parent. Richardson, supra at 553; Cole, supra at 190. "However, the reasoning behind those decisions remains: the parent should not be excused from his child support obligations because of a willful act that resulted in imprisonment." In rePease, supra ¶ 8.
 {¶ 11} Finally, we note with approval, the decision of the Seventh District Court of Appeals in Rhodes v. Rhodes, 7th Dist. No. 00 BA 34, 2001-Ohio-3410, holding:
An obligor is not entitled to be relieved of his duty tosupport his children due to his commission of a crime andsubsequent incarceration. Such entitlement would allow theobligor to obtain release from prison and owe no arrearageobligation to the child or the residential parent who had toshoulder the support burden on their own. The trial court did notabuse its discretion by holding that an obligor who commits acrime and finds himself imprisoned reduced his income byvoluntarily committing the crime. Imprisonment is a foreseeableresult of the commission of a crime. Accordingly, theseassignments of error are without merit.
 {¶ 12} Accordingly, we find that Ricardo was not entitled to have his child support obligation terminated. The trial court did not abuse its discretion in determining that Ricardo's circumstances did not constitute a change in circumstances warranting termination of his child support obligations. Therefore, Ricardo's sole assignment of error is overruled and the May 5, 2006 Judgment of the Common Pleas Court of Seneca County, Ohio denying Ricardo's request to terminate his child support obligation is affirmed.
Judgment Affirmed.
 Rogers and Cupp, J.J., concur.